HORNBUCKLE & Another *v.* STAFFORD.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF MONTANA.

Submitted April 9th, 1884.—Decided April 21st, 1884.

*Error—Evidence.*

A decree will not be reversed for error in improperly excluding evidence when it is clear that the exclusion worked no prejudice to the excepting party.

*Mr. Luther H. Pike* submitted the case for plaintiff in error on his brief.

No appearance for defendant in error.

MR. JUSTICE WOODS delivered the opinion of the court.

This suit was brought by Stafford, the appellee, against Hornbuckle and Marshall, the appellants, to restrain them from diverting from his ditch a certain quantity of water to which he claimed to be entitled. The complaint alleged that the appellee was entitled to such quantity of the waters of Avalanche Creek, or Gulch as it is sometimes called in the record, in the county of Meagher and Territory of Montana, as would amount to thirty-five inches miner's measurement, at any point

on said creek above the place where the White and Tower ditch taps the same, and that his right to said quantity of water was, on July 11th, 1871, established by a decree of the District Court for the Third Judicial District of Montana in a suit wherein one John Gallagher and the appellants were plaintiffs, and one Basey and the appellee and others were defendants. The decree was affirmed on appeal by the Supreme Court of the Territory of Montana, and on appeal from the latter court was affirmed by this court. The case is reported under the name of *Basey* v. *Gallagher*, 2 Wall. 670. The complaint further alleged that the appellee was the owner of a water ditch known as the Basey ditch, which tapped said creek about one mile below what was known as the Avalanche ditch, and above the White and Tower ditch, and was entitled to flow into said ditch such a volume of the water of Avalanche Creek as would make thirty-five inches miner's measurement at the head of the White and Tower ditch, which would be equivalent to one hundred and twenty-five inches at the head of the Basey ditch. The complaint then charged that on April, 1878, the appellants unlawfully diverted all of the water of said creek above the heads of the Basey and the White and Tower ditches so as to prevent the water or any part of it from flowing into the ditches of the appellee, and continued to do so, notwithstanding the demand of appellee that they permit the water to flow into his ditch.

The prayer of the complaint was that appellants be forever enjoined and restrained from diverting the water from the appellee's ditches, and for general relief.

The answer of the appellants contained denials of all the material allegations of the complaint, and specially averred that in the year 1869 a company named the Hellgate & Avalanche Ditch Company was formed by Samuel Clem and four associates to construct a ditch to conduct the waters of Avalanche Creek to the foot-hills of Cave Gulch; that appellee became a member of the company and contributed to its property the White and Tower ditch and the water connected therewith, and the other associates contributed certain mining ground, and that each member of the company owned one-sixth

of the common property; that the company constructed its proposed ditch and afterwards purchased the Basey ditch, &c., and that in the fall of the year 1870 all the waters of the Avalanche Creek were turned into the Hellgate & Avalanche ditch, including all the water to which the appellee had any title, and thenceforward the water had always been used by the company as the joint property of its members, and that the appellee, until a short time before the beginning of this suit, never set up any claim to the exclusive use of any part thereof; that on March 30th, 1878, the appellee conveyed, by his deed of that date, to the appellants, all his interest in the Hellgate & Avalanche Ditch Company, and since that time they have been the exclusive owners of the Hellgate & Avalanche ditch and all the water rights connected therewith, having previously purchased the interests of the other owners. The answer denied that on July 11th, 1871, a decree was rendered as averred in the complaint, but admitted that a decree was rendered in a cause wherein John Gallagher and the appellants were plaintiffs, and Basey and the appellee and others were defendants, adjudging to the appellee thirty-five inches of the water of Avalanche Creek, and averred that the decree was so entered awarding the water aforesaid to the appellee by the consent of the members of said company, and because the title to said water right stood in the name of the appellee, and for no other reason, but that the water was awarded to the appellee in trust for the benefit of the owners of the Hellgate & Avalanche Ditch Company.

Issue was taken on the answer by replication, and the issues of fact were tried by a jury, which returned a general verdict for the appellee, and also returned certain special findings, as follows: They found that the thirty-five inches of water, decreed to the appellee by the decree of July 11th, 1879, was held by the appellee for himself and as his own property, and not in trust for the members of the Hellgate & Avalanche Ditch Company, and that he had never parted with his right to said water to the company, either before or after the decree, and that after the decree the water did not belong to the Hellgate & Avalanche Ditch Company. Upon the general

and special verdict of the jury, as well as upon the pleadings, proceedings and evidence in the cause, the court decreed that the appellee was entitled to the possession and enjoyment of thirty-five inches of the water of Avalanche Creek to flow in at the head of the White and Tower ditch, or one hundred and twenty-five inches to flow in at the head of the Basey ditch, and that he hold and enjoy the same, and that the appellants be forever enjoined from interfering with the unobstructed flow of said water to the ditches of the appellee.

From this decree Hornbuckle and Marshall appealed to the Supreme Court of the Territory of Montana, by which the decree was affirmed. The same appellants have brought, by the present appeal, the decree of the Supreme Court of Montana to this court for review.

The case, in its nature and substance, belongs to the equity side of the court. *Basey* v. *Gallagher*, 20 Wall. 670. The testimony is all in the record. The points contested between the parties were whether, under the decree made July 11th, 1871, by the District Court of the Third Judicial District of Montana, and afterwards affirmed by the Supreme Court of Montana and this court, the appellee was entitled, in his own right, to thirty-five inches of the water of Avalanche Creek, or whether he held such right in trust for all the associates of the Hellgate & Avalanche Ditch Company, and whether, if the appellee had a several and individual right in the water, the deed made by him to the appellants on March 30th, 1878, conveyed to them such individual right.

The appellee asserted that he held under the decree individually and in his own right the thirty-five inches of water, and that he did not convey such right to the appellants by the deed of March 30th, 1878. The decree in the case of Gallagher and the present appellant *v.* Basey and the present appellee and another, rendered June 11th, 1871, is upon its face a decree in favor of the appellee individually and in his own right, declaring him to be entitled to the thirty-five inches of water in Avalanche Creek. The Hellgate & Avalanche Company is not mentioned in the decree, nor is there any intimation that the appellee was

to hold the right to the water in trust for any other person or company of persons.

It is also clear that the deed of the appellee to the appellants of March 30th, 1878, did not convey to them the right to the thirty-five inches of water awarded to the appellee by the decree of July 11th, 1871. It was a quit-claim deed for his undivided four-fifteenths interest in the property known as the Hellgate & Avalanche Ditch Company, and contained this reservation: "This deed shall not be so construed as to affect individual rights to waters in Avalanche Gulch."

The decree of the Supreme Court of Montana Territory in the present case must therefore be affirmed, unless the appellants can make good some of their assignments of error.

The first assignment of error relates to the refusal by the District Court to admit in evidence the complaint and answer in the case of *Gallagher* v. *Basey*, offered by the appellants, the court having already admitted the decree rendered in that case. The purpose of the evidence offered was to explain the decree, and to show by the complaint and answer that the right to thirty-five inches of water awarded to the appellee by the decree was not his individual right, but was decreed to him in trust for the Hellgate & Avalanche Ditch Company.

The decree having been put in evidence, it was clearly erroneous to exclude the pleadings upon which this decree was based. Even parol evidence is admissible when necessary to show what was tried in a suit, the record of which is offered in a subsequent action between the same parties. *Campbell* v. *Rankin*, 99 U. S. 261. But in order to sustain the exception to the exclusion of the pleadings in the case of *Gallagher* v. *Basey*, it was necessary that the exception should show what the excluded testimony was, in order that it might appear whether the evidence was material or not. *Dunlop* v. *Munroe*, 7 Cranch, 242, 270; *Reed* v. *Gardner*, 17 Wall. 409; *Montville* v. *American Tract Society*, 123 Mass. 129. This was done by the appellants. A copy of the complaint and answer in the case of *Gallagher* v. *Basey and others* is set out in the bill of exceptions. An inspection of the excluded testimony shows that the complaint and answer do not in any degree tend to

support the contention of appellants, to wit, that the thirty-five inches of water awarded appellee by the decree was awarded to him in trust for the Hellgate & Avalanche Ditch Company. The company is not mentioned in the pleadings, and there is no averment that the appellee held the water right claimed by him for any one but himself.

While, therefore, the appellants were entitled to put the complaint and answer in evidence as a part of the record, it is clear that the exclusion of the pleadings in no degree prejudiced their case. The decree will not be reversed for such an error. *Gregg* v. *Moss*, 14 Wall. 564.

The appellants next contend that the decree should be reversed because the court excluded evidence offered by them to show that the consideration on which the appellee became a member of the Hellgate & Avalanche Ditch Company, was the conveyance of his water right in Avalanche Creek to the company. The evidence was properly excluded, because this issue had been passed upon in the case of *Gallagher and others* v. *Basey and others*, between the same parties, and decided, as appears by the decree of the court, against the contention of appellants. That decree remaining in full force, was not open to contest in a subsequent suit between the same parties. The testimony was, therefore, properly excluded.

The next and last ground alleged for the reversal of the decree is that the court erred in refusing to permit Hornbuckle, one of the appellants, to testify that when the appellee executed the deed of March 30th, 1878, to the appellants, he made no claim or assertion of any individual right to any of the water of Avalanche Creek. The evidence excluded was clearly inadmissible. The deed expressly reserved the individual rights in the water. The reservation could not be affected by the evidence offered. When a reservation is made in a deed, it is not necessary in order to give it effect that the grantor should, when he executes the deed, assert verbally his right to the property excepted from the conveyance. Evidence that he made no such assertion is clearly incompetent and inadmissible.

We are of opinion, therefore, that neither of the grounds

upon which appellants ask the reversal of the decree is well founded. Other exceptions were taken during the course of the jury trial, but no assignments of error are founded upon them.

Upon an examination of the whole record, we are convinced that the decree of the District Court, which was affirmed by the Supreme Court of the Territory of Montana, was according to "the right of the cause and matter of law." It is plain the appellants had no case.

*Decree affirmed.*