# LANCASTER v. COLLINS.

## IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Submitted October 23, 1885.—Decided November 2, 1885.

The bill of exceptions in this case contained all the evidence, and the charge to the jury. There was no exception to the charge. The court refused to direct a verdict for the plaintiff, it being asked for on the ground of a variance between the proof and the answer ; and there was a verdict for the defendant : *Held*, That there was no such variance, and that the question of the existence of the defence set up was fairly put to the jury, on conflicting evidence.

This court cannot review the weight of the evidence, and can look into it only to see whether there was error in not directing a verdict for the plaintiff, on the question of variance, or because there was no evidence to sustain the verdict.

The question as to which party shall make the closing argument to the jury is one of practice, and is not the subject of a bill of exceptions or of a writ of error.

Rulings on the admission of evidence sustained.

No judgment should be reversed in a court of error when it is clear that the error could not have prejudiced, and did not prejudice, the rights of the party against whom the ruling was made.

On the 29th of September, 1873, Henry E. Collins executed and delivered to the Big Muddy Iron Company his promissory note, payable ninety days after date, to its order, for $10,000. It was indorsed successively by the company, by Thomas O'Reilly, by Amelia Collins, and by Richard D. Lancaster. From the latter it passed to the National Bank of the State of Missouri. The bank obtained a judgment on it against the Company, and O'Reilly, and Henry E. Collins, and Lancaster, for $11,290.68 and costs. O'Reilly paid to the bank one-half of the amount due on the judgment, and Collins refunded it to him. Lancaster paid to the bank the other half of the amount due on the judgment, and then brought this suit against Collins to recover from him the sum so paid.

Collins, in his answer to the petition, set up the following defence : " That the Big Muddy Iron Company was a corpora-

tion, duly organized under the laws of the State of Missouri, and that, on the day of the execution of said note and the delivery thereof to the said company, the plaintiff in this suit was the president thereof; that said note was given in part consideration for one hundred and thirty shares of stock of the said Big Muddy Iron Company; that the plaintiff solicited this defendant to subscribe for said stock at its par value; that, yielding to the solicitation of the said plaintiff in that behalf, this defendant did subscribe for said stock, and paid in cash the sum of three thousand dollars, and executed the before-mentioned note for the balance; that, before the defendant would agree to subscribe for said stock, and execute the said note, and pay the said sum of three thousand dollars, it was agreed and understood, between the plaintiff and defendant, that the defendant should pay in cash the sum of three thousand dollars, and execute his note at ninety days for ten thousand dollars, with the privilege, upon the part of this defendant, to renew the same, from time to time, as it became due, and that the one hundred and thirty shares of stock in the said Big Muddy Iron Company, the par value of which was thirteen thousand dollars, should be held by the said plaintiff as collateral security for the payment of said note, with the right, upon the part of this defendant, if he saw proper to avail himself of it, within one year from the date of said note, to forfeit the three thousand dollars in cash and the said one hundred and thirty shares of stock, and be relieved from further liability on said note; that, in pursuance of said agreement, the said one hundred and thirty shares of stock were placed with the plaintiff as collateral security, the three thousand dollars in cash were paid, and the said note for ten thousand dollars was executed and delivered; that defendant, before the expiration of said year, notified the said plaintiff that he would forfeit said three thousand dollars and stock, and that the note would not be paid by him. Defendant says that the said stock was never returned or offered to be returned to him by the plaintiff, or any one for him. Wherefore, defendant says that the plaintiff has no right of action against him, that he owes the plaintiff nothing, and prays to be dismissed hence, with his costs."

Issue being joined, the action was tried by a jury, which found a verdict for Collins, and there was a judgment in his favor, whereupon Lancaster brought this writ of error.

There was a bill of exceptions, containing all the evidence in the cause. It also set forth the charge to the jury, but there was no exception to the charge. The plaintiff, however, requested the court, after the evidence was all in, to instruct the jury to render a verdict for the plaintiff, which request was refused, and the plaintiff excepted. This refusal was assigned for error, on the alleged ground of a variance between the proof and the answer.

*Mr. George A. Castleman* for plaintiff in error.—The refusal of the court below to instruct the jury that the verdict in this cause should be for plaintiff for the amount claimed in the petition was error; because the contract in evidence and submitted in the charge was one between Collins and Lancaster, binding the latter, at the option of the former, to take stock and assume the payment of the note, while the contract alleged in the answer was between Collins and Big Muddy Iron Company, whereby the former was to forfeit his stock and be relieved of the note given to it. This constituted a total "failure of proof" as provided in Rev. Stat. Missouri, 1879, § 3702, construed in *Faulkner* v. *Faulkner*, 73 Missouri, 327; *Waldhier* v. *Railroad Co.*, 71 Missouri, 514; and not a "variance" provided for in Rev. Stat. Missouri, 1879, § 3565; construed in *Meyer* v. *Chambers*, 68 Missouri, 626; *Clements* v. *Maloney*, 55 Missouri, 352. The charge submitted to the jury as an open question of fact what is distinctly declared in the answer, viz.: that the stock was deposited with and "should be held by the plaintiff as collateral security for the payment of said note." The contract, as alleged in the answer, was collateral to the contract alleged of Big Muddy Iron Company to relieve Collins, on his so electing, from the payment of the note; the contract was shown by the testimony to have been not in writing, and was, therefore, under the statute of frauds, void as a contract for the default of another.

It was further error to refuse plaintiff the right of closing.

The affirmative in this case was upon plaintiff, for the affirmative matter set up in the answer was only a denial of the implied assumpsit growing out of the facts alleged in the petition, and was not a confession and avoidance of plaintiff's cause of action.

No appearance for defendant in error.

Mr. Justice BLATCHFORD delivered the opinion of the court. After stating the facts in the language reported above, he continued:

It is contended that the answer alleges that the agreement made by Collins with Lancaster was made with the latter as president of the company, and that it does not allege any agreement by Lancaster personally, to take the stock subscribed for by Collins and pay the note, while the verdict was rendered for the defendant on the theory that there was such an agreement by Lancaster personally. We think that a fair construction of the answer, in view of the history of the case, as given in the evidence, is, that it alleges such an agreement. Lancaster received from Collins the certificate for the stock, with a transfer of it in blank signed by Collins, and indorsed the note, and it was discounted for the benefit of the company. The question of the existence of such an agreement by Lancaster personally was fairly put to the jury in the charge of the court. There was conflicting evidence in regard to it. This court cannot review the weight of the evidence, and can look into it only to see whether there was error in not directing a verdict for the plaintiff on the question of variance, or because there was no evidence to sustain the verdict rendered.

It is also assigned for error, that the court refused to permit the counsel for the plaintiff to make the closing argument to the jury, the contention on the part of the plaintiff being that the affirmative was with him. But this is purely a question of practice, to be reviewed only by a motion for a new trial in the trial court, and is not the proper subject of a bill of exceptions or of a writ of error, because it does not affect the merits of the controversy. *Day* v. *Woodworth*, 13 How. 363, 370.

The plaintiff, as a witness, at the trial, was asked, on cross-examination, by the defendant, what was the value of the 130 shares of stock, and whether it was good security for the $10,000 note. The question was objected to as immaterial and irrelevant, but was admitted. The answer was, that if it had been paid up, he would have thought it good security, but it was not paid up and he thought it was not good security. The answer did not tend to prejudice the plaintiff, but the contrary; for he was seeking to prove that he had not taken the stock personally as security for his indorsement, and the fact that the stock was inadequate security to him went rather to show that he was not looking for security for his personal liability. Besides, the question was put on cross-examination, and was proper as showing the character of the stock, in view of the evidence the plaintiff had given, on his direct examination, as to the transaction respecting the stock.

The defendant was allowed, under objection, to put in evidence, from the book of minutes of the board of directors of the company, the proceedings of the board at four meetings held between the time of the original transaction in regard to the stock and the date of the note on which the judgment was recovered, that note being a renewal of prior notes. These proceedings were in the handwriting of the defendant, who was the secretary of the company, and the plaintiff, who was a director of the company, was present at all of the meetings in question. The proceedings contained nothing which appeared to relate to this controversy, but referred only to the purchase of property by the company, and to the mode of paying for stock, and the powers of the secretary, and sundry minor matters. The objection made, at the time, to the introduction of these minutes, was, that they were irrelevant, incompetent, and immaterial, and tended to confuse, in the minds of the jury, the true issue to be tried, and could not throw any light upon the question on trial. The same objection was made to the putting in evidence of the proceedings of a meeting of the stockholders of the company, at which the plaintiff was present, held prior to the date of the note on which the judgment was recovered, and of the proceedings of nine meet-

ings of the board of directors, and one meeting of the stock-holders, held after that date, at all of which the plaintiff was present. These proceedings contained nothing which appeared to relate to this controversy, but they showed the pecuniary embarrassment of the company, and the execution by it of a deed of trust to secure its indebtedness, and the final sale of its property. The only matter in all these proceedings which could possibly have operated to the prejudice of the plaintiff was the fact that the stock had become worthless, it being argued that the jury might have been induced thereby to re-lieve the defendant from paying any more on account of the worthless stock, after he had paid the $3,000 to the company, and the one-half of the judgment to O'Reilly. But we think it sufficiently appears from other testimony that the stock be-came worthless. Aside from this, we do not see anything in the proceedings objected to which could possibly have harmed the plaintiff more than the defendant, or have benefited the defendant to the prejudice of the plaintiff. To show that the stock was worthless, showed that neither party could derive any advantage from it, and left the case between the plaintiff and the defendant to be decided without reference to any value in the stock. No judgment should be reversed in a court of error when it is clear that the error could not have prejudiced, and did not prejudice, the rights of the party against whom the ruling was made. *Deery* v. *Cray*, 5 Wall. 795, 803; *Gregg* v. *Moss*, 14 Wall. 564, 569; *Lucas* v. *Brooks*, 18 Wall. 436, 454; *Allis* v. *Insurance Co.*, 97 U. S. 144, 145; *Cannon* v. *Pratt*, 99 U. S. 619, 623; *Mining Co.* v. *Taylor*, 100 U. S. 37, 42; *Hornbuckle* v. *Stafford*, 111 U. S. 389, 394.

*Judgment affirmed.*