### SNOWDEN et al. v. LOREE.

(Circuit Court of Appeals, Third Circuit. February 24, 1904.)

#### No. 5.

1. APPEAL—ADMISSION OF EVIDENCE—HARMLESS ERROR.

The admission of a deposition in evidence for all purposes, if error, was harmless where it ought not to have changed the result.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

For opinion below, see 122 Fed. 493.

L. C. Barton and O. F. McKenna, for plaintiffs in error.

Johns McCleave, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This was an action of ejectment to recover a piece of land situate in the county of Allegheny, state of Pennsylvania. It was tried by the court without a jury. The learned judge correctly held that the right of the plaintiffs to recover was dependent upon the strength of their own title, irrespective of that of the defendant. The plaintiffs based their claim of title, first, upon a patent of the state of Pennsylvania to Luke Loomis, dated August 15, 1837; and, second, upon the allegation "that plaintiffs' grantors entered into constructive possession of the land in dispute the 9th day of July, A. D. 1822, or thereabouts, and into actual possession about the 15th day of August, A. D. 1837, and that plaintiffs and their grantors held continuous, uninterrupted, hostile, and notorious possession of the same from said times up to year 1881, when they were ousted by defendant's grantor." The Circuit Court fully considered both of these matters, and reached the conclusions that the patent to Luke Loomis was void, and that the plaintiffs had failed to establish title by adverse possession. Upon attentively examining the record, we are fully satisfied that these conclusions were right, and we think that the opinion of the learned judge of the court below amply vindicates them. Notwithstanding the able argument submitted for the plaintiffs in error, we concur in that opinion, and adopt it as that of this court. Snowden v. Loree (C. C.) 122 Fed. 493.

The first specification avers that the court below erred in ruling during the trial that the affidavit of R. Hilands, attached to the application of Luke Loomis, wherein it was deposed that the land described in said application "was first improved in the month of June, 1829, and not before, by Luke Loomis," was admissible "for the purpose of showing the steps leading up to the granting of the patent, but not for the purpose of proving the facts therein stated." Whether the Pennsylvania rule that the recitals of title in a patent are prima facie evidence has any application in this case is at least doubtful (Green v. Brennesholtz, 73 Pa. 425); but that question need not be discussed, for we are clearly of opinion that this Hilands affidavit, if it had been admitted for all purposes, ought not to have changed the result. Therefore the ruling of the court in respect to it in no degree prejudiced the plaintiffs' case, and consequently that ruling, even if erroneous, would not be ground for reversal. Hornbuckle v. Stafford, 111 U. S. 393, 4 Sup. Ct. 515, 28 L. Ed. 468.

The judgment is affirmed.