### WEAVER v. SCHUMPERT. †

(Circuit Court of Appeals, Fifth Circuit. February 23, 1909.)

#### No. 1,789.

Exceptions, Bill of (§ 15*)—Insertion of Documents—Identification of Documents Attached.

Where a bill of exceptions recites that a transcript of a judgment or other paper introduced in evidence is attached to and made a part thereof, such paper must be identified by some mark or number referred to in the bill.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 15, 16; Dec. Dig. § 15.*]

In Error to the Circuit Court of the United States for the Western District of Louisiana.

E. B. Herndon, for plaintiff in error.

J. D. Wilkinson, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This action was brought on a judgment alleged to have been obtained in the district court of Fannin county, Tex., against the defendant, who is a citizen of the Western district of Louisiana. The case having been put at issue, a jury was impaneled and evidence taken, whereupon the court, on motion of the defendant, directed a verdict. The direction of the verdict is the substantial error assigned in this court.

The bill of exceptions does not contain the evidence introduced on the trial of the case, but recites as follows:

"There had been offered and introduced, and submitted to the jury, all of the testimony and evidence, to wit: The transcript in the suit of T. F. Weaver

---

v. T. E. Schumpert from the Sixth district court for the state of Texas, held in and for Fannin county, in said state, and the sections of the Revised Statutes of the state of Texas as copied into the record of this suit; the said transcript and sections of the Revised Statutes of the state of Texas being all the evidence offered in evidence by both plaintiff and defendant, and being duly taken down by R. B. Cook, stenographer, and which is hereto annexed and made part hereof as fully as if copied herein."

The bill of exceptions is insufficient, as the trial judge does not by marks or numbers or paraphs identify the papers not incorporated in, but intended to be made part of, the bill. Besides this, we notice that the "note of evidence," signed "R. B. Cook, Stenographer," shows that the transcript in the suit of Weaver v. Schumpert, in the district court of Fannin county, in the state of Texas, which is the basis of the suit, is referred to as offered in evidence, but is not incorporated in the notes. See Foster's Federal Practice (3d Ed.) p. 891, § 377; Leftwitch v. Lecanu, 4 Wall. 188, 18 L. Ed. 388; Reed v. Gardner, 17 Wall. 411, 21 L. Ed. 665.

The judgment of the Circuit Court is affirmed.