## BROWN v. CUMBERLAND TELEGRAPH & TELEPHONE CO.

(Circuit Court of Appeals, Fifth Circuit. March 22, 1915. Rehearing Denied April 20, 1915.)

No. 2624.

APPEAL AND ERROR ☞613—BILL OF EXCEPTIONS—AUTHENTICATION—NECESSITY.

Where a bill of exceptions, without reciting the evidence, purported to attach and make a part of the record all testimony, documents, evidence, etc., and in the transcript what appeared to be the testimony of witnesses was identified by neither the stenographer, clerk, nor judge, the bill was worthless and ineffective.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2702–2707; Dec. Dig. ☞613.]

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit by Samuel C. B. Brown against the Cumberland Telegraph & Telephone Company. Judgment on a directed verdict for defendant, and plaintiff brings error. Affirmed.

Samuel C. B. Brown, of Amite City, La., in pro. per.

George Denegre, Victor Leovy, Henry H. Chaffe, and J. C. Henriques, all of New Orleans, La., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. This is a suit to recover damages growing out of a fire. On the trial, after hearing the evidence, the court directed a verdict for the defendant. The plaintiff sued out this writ of error, assigning as error the direction of the verdict for the defendant.

The bill of exceptions taken in the case, without reciting the evidence, purports "to attach and make a part of the record all testimony, documents, evidence, etc., of all kinds." In the transcript we find, under the head of "Testimony Taken in the Case," what seems to be the examination of ten or more witnesses; but it is not identified in any manner by either stenographer, clerk, or judge. This renders the bill worthless and ineffective (see Weaver v. Schumpert, 168 Fed. 43, 93 C. C. A. 465); but, as the plaintiff in error makes no point upon the same, we have read and considered the transcribed evidence as though the bill of exceptions was sufficient.

---

·From a careful consideration of the whole, we are forced to the conclusion that there is not sufficient evidence in the case which would have warranted the jury in finding a verdict for the plaintiff, and that therefore the instruction to find a verdict for the defendant was correct.

Judgment affirmed.