## HONEYCUTT v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. November 17, 1921.)

No. 1933.

1. **Criminal law ⊝1168(1)—Failure to order return of goods illegally seized immaterial, where they were not used as evidence.**

In a prosecution for receiving goods stolen from an interstate shipment, the inadvertent omission from an order for the return of goods illegally seized of certain of the goods, or the failure to return such goods, was immaterial, where they were not used in evidence.

2. **Witnesses ⊝277(1)—Error to permit district attorney to use in cross-examination checks illegally seized and ordered returned.**

On a trial for receiving stolen goods, where checks illegally seized had been ordered returned, it was error to permit the district attorney to use such checks in cross-examining defendant.

3. **Criminal law ⊝1186(4)—Judgment not reversed because of use of checks illegally seized, which added nothing to defendant's testimony.**

Where, on a trial for receiving goods stolen from an interstate shipment, defendant testified without objection to his purchase of the goods late at night from boys, who brought them to his country store, and to the giving of checks for the purchase money, and to writing on the face thereof "for labor," the checks themselves added nothing to the evidence already adduced, and, though they had been ordered returned as illegally seized, the judgment will not be reversed, because the district attorney was permitted to use them in cross-examining defendant, in view of Judicial Code, § 269 (Comp. St. Ann. Supp. 1919, § 1246), requiring the disregard of technical errors or defects not affecting the substantial rights of the parties.

In Error to the District Court of the United States for the Eastern District of North Carolina, at Raleigh; Henry G. Connor, Judge.

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Allen J. Honeycutt was convicted of buying, receiving, and having in his possession goods stolen from an interstate shipment, and he brings error. Affirmed.

William B. Jones, of Raleigh, N. C. (Armistead Jones & Son, of Raleigh, N. C., on the brief), for plaintiff in error.

M. B. Simpson, Asst. U. S. Atty., of Elizabeth City, N. C. (E. F. Aydlett, U. S. Atty., of Elizabeth City, N. C., on the brief), for the United States.

Before KNAPP, WOODS, and WADDILL, Circuit Judges.

WOODS, Circuit Judge.  The indictment charged that the defendant, on July 19, 1920, did—

"unlawfully, willfully, and feloniously buy, receive, and have in his possession, from Cecil Pearce and Tom Williams, knowing the same to have been stolen, which had been stolen by Cecil Williams and Tom Pearce from a certain interstate shipment at Raleigh, N. C., on said date, from car S. S. W. 13828 in the possession of the N. S. Railroad Co., an interstate carrier, consigned from Liggett & Myers Tobacco Co., at Durham, N. C., to B. Facenheimer, at Baltimore, Md., and other parties in other states, certain goods and chattels, which had been moving, and which were a part of, and which had constituted, an interstate shipment of freight or express, to wit, ten (10) cases of Chesterfield cigarettes."

[1] Before his trial and conviction the defendant by petition asked for an order directing the return of certain goods and paid checks given by defendant, which had been seized under alleged illegal search warrants. The goods and checks were described in a schedule attached to the petition. On the day of the trial, before it began, the court made an order finding that the goods and checks had been illegally seized and directing the return of goods and checks described in the order. The schedule in the order specifying the goods to be returned did not contain "28½ bolts of overall goods" nor "34 dozen bottles of Vick's salve" mentioned in the petition. As no reason for the omission is suggested in the record or the briefs, we assume it was due to inadvertence. But, even if these articles were not returned, neither the omission of them from the order nor the failure to return them could have influenced the jury, for it does not appear that they were used in evidence.

The main error assigned is in allowing the district attorney to call on the defendant on cross-examination to produce checks, hand them to the defendant, and have him to identify them. As it is hardly possible to condense without misrepresentation, we copy from the record the agreed statement of the facts pertinent to the appeal:

"After the United States had offered evidence to maintain the issues on its part, the defendant, to maintain issues upon his part, called as a witness A. J. Honeycutt, who, being duly sworn, testified, upon cross-examination by the district attorney, as follows:

"Testimony of A. J. Honeycutt.

"On direct examination defendant testified that he bought cigarettes and denim, and other things which were stolen from the cars of the railroad, and paid to the parties, Cecil Pearce and Tom Williams, checks in part for same.

That they took the goods and carried them to his store at night, and he would receive them and pay them for the same.

"It also appeared in evidence that the witnesses Cecil Pearce and Tom Williams had, before the trial entered pleas of guilty to an indictment charging the breaking and entry, and larceny of the property charged in the bill from an interstate train, and that their judgment and sentence upon the plea had been withheld pending the trial of this cause.

"The defendant, A. J. Honeycutt, testified that he had paid several checks to Cecil Pearce, Priestly Pearce, and Tom Williams in part payment for the cigarettes, tobacco, denim, harness, and other things which were carried to his store at night; that his store was in the country, and the goods were carried there around 10 and 11 o'clock at night in automobiles; that Cecil and Priestly Pearce were boys about 17 and 19 years of age and had no means; that Tom Williams was a colored man, who was a jitney driver and had no means; that the defendant marked on the check given Cecil Pearce and Tom Williams the words 'for labor,' but the checks were given for these materials.

"The cross-examination then proceeded.

" 'Q. You say that, when Cecil and Tom went there with those cigarettes, you marked on the check "for labor"? A. Yes; they said the officers were watching them; that they were not working anywhere.

" 'Q. Which one of them did you give the check to? A. Cecil.

" 'Q. Did you give both of the checks to Cecil? A. I don't think I gave but one check.

" 'Q. It was dated the 20th of July? A. I don't remember the date.

" 'Q. Where are the checks? A. You have them.'

"Thereupon, the district attorney handed to the witness an envelope containing the checks which had been seized by the officers of the government from the possession of the defendant, and which had been ordered returned to the defendant by the court, and proceeded as follows:

" 'Q. Will you look in there and find the check that you gave him?'

"The defendant in apt time objected, which objection was sustained by the court.

"By the Court: On Tuesday afternoon the defendant's counsel filed a notice in writing to the government for the return of certain checks and other property and papers taken from the possession of the defendant by the officer under search warrant. See Record. The court stated that it would sign an order directing the return of the checks, to which no objection was made by the district attorney. Wednesday morning the district attorney handed to counsel for the defendant an envelope containing checks and other papers referred to in the notice, together with receipts requesting the counsel to sign the receipt; they stated that they desired to check over the papers before signing the receipt. The court postponed further examination until defendant's counsel have opportunity to check up the papers and give receipt to the district attorney.

"The defendant rests.

"On Thursday morning, the district attorney having on Wednesday reserved the right to continue the cross-examination of the defendant A. J. Honeycutt, the defendant again took the witness stand for further cross-examination, and testified as follows:

" 'Q. Have you examined that envelope?'

"The court finds as a fact from an inspection of the record that before the trial began the defendant filed notice for the return of his checks, seized by the officers; that the notice was in writing, and the court ordered the return of the papers to the defendant, the said papers having theretofore been in the possession of and inspected by the district attorney. Whereupon, the defendant having before him upon the witness stand the checks and papers handed him by the district attorney, the district attorney proceeded as follows:

" 'Q. Have you examined these papers? A. Yes.

" 'Q. Did you find any checks in there payable to Cecil Pearce?'

"The defendant in apt time objected, which objection was overruled by the court, and the defendant in apt time excepted, which is defendant's exception No. 2.

" 'A. Yes.'

"The defendant in apt time objected, which objection was overruled by the court and the defendant excepted, and this is defendant's exception No. 3.

" 'Q. You stated on yesterday that you gave him a check for $133. Will you show us that check?'

"The defendant in apt time objected, which objection was overruled by the court, and the defendant excepted, and this is defendant's exception No. 4.

" 'A. I reckon so.'

"Court: The district attorney thereupon hands to the witness the bundle of papers which were seized by the officers, and which had been returned to the defendant, and asked him to find that check.

" 'Q. I want you to find the check dated July 20, 1920, for $133, payable to C. E. Pearce?'

"The defendant in apt time objected, which objection was overruled by the court, and the defendant excepted, which is defendant's exception No. 5.

" 'A. This is it.' "

[2, 3] A number of other checks were introduced in response to similar questions. It seems clear that the court erred in admitting for any purpose the checks illegally seized in the execution of a search warrant and ordered returned to the defendant. Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 315; Honeycutt v. United States, 277 Fed. 939 (filed November 17, 1921). But it seems equally clear that the error was harmless, in that the introduction of the checks added nothing to the probative force of the evidence already adduced. The statement copied from the record shows that the defendant testified without objection to the purchase of the stolen goods late at night from boys, who carried them to his country store in the automobile, to the giving of checks for the purchase money, and to writing on the face of the checks "for labor."

The checks themselves evidence nothing whatever that the defendant had not already testified to, and added nothing to the force of the evidence already adduced against him. A judgment should not be reversed, on appeal, for error which could not have affected the result. Lancaster v. Collins, 115 U. S. 222–227, 6 Sup. Ct. 33, 29 L. Ed. 373; Judicial Code, § 269 (Comp. St. Ann. Supp. 1919, § 1246); Dye v. United States (C. C. A.) 262 Fed. 6; Sneierson v. United States (C. C. A.) 264 Fed. 268.

Affirmed.