## CASEY v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. October 7, 1925.)

No. 3339.

1. **Intoxicating liquors** ⟺275—**Evidence held to support finding that common nuisance was maintained on premises.**

In suit to abate nuisance, under National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k), finding that a common nuisance was maintained on premises in question *held* sustained by evidence.

2. **Trial** ⟺76—**Collateral inquiry into mode in which evidence obtained not allowable, where question raised for first time on trial.**

Collateral inquiry into the mode in which evidence has been obtained will not be allowed, when question is raised for first time on trial, and hence defendant's contention that evidence obtained under search warrants was illegally obtained was without merit, where he had not taken appropriate action for return of property, or for suppression of testimony based thereon, except by objections made during trial of suit to abate liquor nuisance.

3. **Appeal and error** ⟺1052(8)—**Admission of incompetent evidence in equity suit no ground for reversal, where decree supported by other competent evidence.**

Admission of incompetent evidence in equity suit is no ground for reversal, where decree is supported by other competent evidence.

4. **Appeal and error** ⟺1052(8)—**Admission of evidence unlawfully procured under search warrants not reversible error, where other competent evidence supported decree.**

In suit to abate a nuisance, under National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k), admission of evidence procured unlawfully under search warrants was not ground for reversal, where other competent evidence was sufficient to support decree.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Suit by the United States against James Casey to abate a common nuisance, within meaning of National Prohibition Act, tit. 2, §§ 21, 22. From a decree of the District Court, adjudging the premises in question to be common nuisance, defendant appeals. Affirmed.

Child, Young & Howe and Francis Child, all of Newark, N. J., for appellant.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court entered February 20, 1925, adjudging the premises located at No. 590 Washington avenue, Belleville, N. J., to be a common nuisance, within the meaning of sections 21 and 22, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k), and ordering them to be closed for one year.

The defendant owned the premises in question and conducted a saloon there. It was charged in the bill filed by the government that defendant sold whisky, an intoxicating liquor, as defined by the National Prohibition Act, on December 12, 1923, to John V. Elliot. The evidence tended to show that Elliot visited the premises at 5 o'clock in the afternoon of that day and purchased two glasses of beer, and later on the same day purchased a glass of whisky, paying 15 cents a glass for the beer and 50 cents for the whisky; that two other men purchased whisky from the same bottle, and that the money received for these sales was deposited in the cash register of the saloon. The defendant testified that he was ill at that time, and was not in the saloon on the day in question, but that "a fellow helped out" his wife, who conducted the business of the saloon during his illness. Elliot further testified that the premises were equipped as a "regular bar," a "front and back bar, glasses behind the bar, regular bar, with a small back room to the rear, and a toilet opposite to the bar to the rear, opposite the end of the bar."

[1] The issue was the maintenance of a common nuisance on these premises on December 12, 1923. That a common nuisance was maintained is predicated upon the sale of intoxicating liquor to Elliot. According to his testimony, three drinks were sold to him in that saloon, within a short period. We held in the case of Singer v. United

States, 288 F. 695, that, "other essentials being present, a single sale may establish the fact" of a statutory nuisance. Defendant did not call any witness, either his wife or the "fellow" who assisted her in conducting the saloon while he was ill. So the testimony of Elliot, except perhaps inferentially, stands unchallenged. The premises were equipped as a "regular bar," and had been used as a regular bar, where intoxicating liquor was sold, many years before the passage of the National Prohibition Act. In our opinion the other essentials were present from which the learned trial judge, who saw the witnesses and heard the testimony, could find the maintenance of a statutory nuisance on the day in question.

[2] Defendant, however, says the decree should be reversed because of the admission of illegal evidence. It appears that these premises were searched under the authority of search warrants issued on September 16, 1923, and February 2, 1924. It should be noted in passing that the defendant did not take timely and appropriate action for the return of the property found on the premises in these searches, or for the suppression of the testimony based on them, except by objections made during the trial. Collateral inquiry into the mode in which evidence has been obtained will not be allowed, when the question is raised for the first time at the trial. Wiggins v. United States (C. C. A.) 272 Fed. 41, 44; Adams v. New York, 192 U. S. 585, 24 S. Ct. 372, 48 L. Ed. 575; Weeks v. United States, 232 U. S. 383, 395, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 392, 40 S. Ct. 182, 64 L. Ed. 319.

But, regardless of this rule of law and on the merits, it is urged that evidence obtained by means of these search warrants should not have been admitted, and the decree should be reversed, because these warrants were issued on improper information, for the affiant knew nothing of the facts to which he swore, except upon information and belief, and the affidavit does not disclose the source of that information; there was no evidence introduced to show a sale on the date of the search in September, and the condition of the premises at that time cannot establish a sale, with which defendant is charged, on December 12th following; the is-

suance of the search warrant on February 2, 1924, predicated upon the alleged sale on December 12, 1923, was too remote from that date, and so "is in contravention of the constitutional guaranty against unreasonable searches and seizures."

These contentions are serious, and, if their determination is necessary to a decision, merit careful consideration. But the fact is that there was positive testimony that there were two sales of beer and three sales of whisky on December 12, 1923; two beers and one whisky to Elliot, and two sales of whisky out of the same bottle to two other men. This was sufficient testimony, under the circumstances, on which to predicate a finding of statutory nuisance, without reference to the facts acquired by means of the searches on September 16, 1923, and February 2, 1924, notwithstanding that the defendant himself was not present, for the money was deposited in the cash register, and the attendant circumstances justified the inference that the bartender was the defendant's representative. Ferry v. United States (C. C. A.) 292 F. 583.

The learned trial judge specifically stated that, "as far as the search warrant which has been offered in evidence is concerned, I do not feel that that is a legal search warrant; it does not enter into my calculations at all. However, taking all the attendant circumstances into consideration, and the remainder of the evidence, I feel that there has been sufficient on the part of the government to warrant a decree, and I will grant it."

[3, 4] Admission of incompetent evidence in a suit in equity is no ground for reversal, where it appears that the decree is supported by other competent evidence. There being no jury present, the incompetent evidence was not prejudicial. It is a well-recognized rule that a judgment will not be reversed because of error, when it appears that no harm has resulted to the complaining party. Kutztown Foundry & Machine Co. v. Sloss-Sheffield Steel & Iron Co. (C. C. A.) 279 F. 627; South Fork Brewing Co. et al. v. United States (C. C. A.) 1 F.(2d) 167; Lancaster v. Collins, 115 U. S. 222, 227, 6 S. Ct. 33, 29 L. Ed. 373; Lazarus v. Phelps, 156 U. S. 202, 206, 15 S. Ct. 271, 39 L. Ed. 397.

The decree is accordingly affirmed.