MODEL DAIRY CO., Inc., v. FOLTIS-FISCHER, Inc.

TRAVELERS INS. CO. et al. v. FOLTIS-FISCHER CORPORATION.

No. 412.

Circuit Court of Appeals, Second Circuit.

Aug. 9, 1937.

[black redaction bars]

Coudert Brothers, of New York City (Thomas K. Finletter and Benjamin F. Tracy, both of New York City, of counsel), for appellant.

William J. Moran, of New York City, for claimant and appellee Travelers Ins. Co.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

To a creditor's bill for the appointment of a receiver brought in the District Court for the Southern District of New York on June 14, 1932, by Model Dairy Company, Inc., against Foltis-Fischer, Inc., the defendant filed an answer admitting the allegations and consenting to the appointment. A temporary receiver was appointed and later, on June 29, 1932, the appointment was made permanent.

Such proceedings were had that on February 28, 1933, the receiver was directed by order of court to sell all the property of the defendant. Meantime, a reorganization committee had taken steps which brought about the organization of a new corporation called the Foltis-Fischer Corporation to become, and it did become, the purchaser and is the present sole appellant. The sale was made and confirmed upon terms which, inter alia, required the purchaser "to assume and to pay, at such time as this Court shall hereafter direct, such amount in cash as may be required for distribution out of the proceeds of sale upon claims allowed against the defendant entitled to share in such distribution and the Purchaser shall be credited therefor on account of its bid."

The only claim with which we are now concerned is that of the appellee, Travelers Insurance Company, which was duly filed and its allowance as a general claim recommended by a special master. Priority for it under section 130 of the New York Workmen's Compensation Law (Consol. Laws, c. 67) was urged and it was so allowed by the court. The amount of the claim is undisputed, as is the fact that it is for earned premiums due prior to the appointment of the receiver on a policy of insurance obtained by Foltis-Fischer, Inc., in compliance with the provisions of the Workmen's Compensation Law of the state of New York. The appellant, however, denies the right of the claim to priority and that is the sole issue.

Section 130 of the above-mentioned law provides that: "All premiums and interest charges on account of policies insuring employers against liability under this chapter which may be due to the state insurance fund, or any stock corporation or mutual association authorized to transact the business of insurance in this state, and all judgments recovered by the state insurance fund or any such insurance corporation or association against any employer on actions brought under any such policy, shall be deemed preferred claims in all insolvency or bankruptcy proceedings, trustee proceedings for administration of estates and receiverships involving the employer liable therefor or the property of such employer, provided however that claims for wages shall receive prior preference in all such proceedings."

The somewhat meager record fails to show that the appellant has any interest in the sole issue presented. It is neither the receiver nor any creditor. It is but a purchaser of the assets of the corporation in receivership under a confirmed bid whereby it has become bound to pay in cash claims allowed against the defendant which are entitled to share in the distribution of the proceeds of the sale and it is to be credited on account of its bid with the entire amount so paid, regardless of priority in payment. We cannot tell from the record the amount of the bid; how it was payable except as to claims allowed; nor the amount of all the claims entitled to share in the distribution of the proceeds of the sale, though it does appear that all claims considered by the special master in his first interim report were either abandoned or settled, subject to the approval of the court, with the exception of the claim of the Travelers Insurance Company. What action was taken by the court upon such settled claims does not appear. It may be inferred, of course, that, as no creditor has objected to the order, all other claims have received satisfactory disposition, even though the record states that it is "estimated that the amount of the proceeds of the sale of the assets of the defendant to the appellant herein will permit the distribution to general creditors of but a small percentage of the face amount of their claims as allowed."

This shows that the amount of the bid more than covers all claims allowed priority. What does stand unquestioned, therefore, is the appellant's right to credit, coupled with the ability to take credit on its bid, for the amount it pays on this claim as allowed.

 We do not undertake to decide abstract questions of law which do not affect the rights of parties in interest and can perceive no right of the appellant which on the facts shown can be adversely affected by the affirmance of the order. Since credit on its bid for such payment is available in any event to leave it in exactly the same situation whether it pays the claim as allowed or pays in so much more for distribution to general creditors, only a moot question is presented, and, if there were error in granting priority to the claim, a matter we now leave open, it was harmless. Being so, no ground for reversal has been shown, since it is apparent that the appellant was not prejudiced. Lancaster v. Collins, 115 U.S. 222, 6 S. Ct. 33, 29 L.Ed. 373; Cook v. Foley (C. C.A.) 152 F. 41; 28 U.S.C.A. § 391.

Order affirmed.