**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**174.12 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF PIERCE, STATE OF WASHINGTON, and Tacoma Duck Club, Inc., et al, Defendants-Appellants.**

**No. 80-3433.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 5, 1982.

Decided Feb. 8, 1982.

---

Paul Sinnitt, Sinnitt & Sinnitt, Tacoma, Wash., for defendants-appellants.

David C. Shilton, Atty., Dept. of Justice, Washington, D. C., argued, for plaintiff-appellee; Marie G. Creson, Asst. U. S. Atty., Seattle, Wash., Anne S. Almy, James W. Moorman, Attys., Dept. of Justice, Washington, D. C., on brief.

Before KILKENNY, ANDERSON and ALARCON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

This appeal involves issues raised with the district court's actions in conducting a condemnation jury trial. The United States filed its Complaint in Condemnation January 5, 1979, against the subject property of this litigation, a body of land near Tacoma, Washington, which was owned by the Tacoma Duck Club, Inc. The property was acquired for inclusion into the Nisqually National Wildlife Refuge for purposes of wildlife preservation and public hunting. The Order for Delivery of Possession was signed January 8, 1979. After a jury trial which resulted in a verdict for the appellants rendered August 13, 1980, the court entered a judgment on the verdict on September 12, 1980, in the amount of $74,000.00, plus interest at 6% on the deficiency amount of $4,300.00.[1]

Appellants-condemnees raise the following issues: (1) whether it was proper for the district court to have placed the burden of proving the fair market value of the condemned property upon the appellants; (2) whether the appellants should have been given the privilege to open and close the arguments to the jury; (3) whether the district court erred in instructing the jury not to consider interest as part of the jury's determination of the just compensation award, and (4) whether the district court erred by instructing the jury to consider the reasonable probabilities of potential uses of the condemned land and the effect that current land use restrictions had on the fair market value of the land. We affirm.

### Burden of Proving Fair Market Value

Appellants argue that the court's Instruction No. 3 was error because it placed the burden of proving fair market value upon them as condemnees. Instruction No. 3 read in pertinent part:

"In a condemnation case, the burden is on the defendant landowner to establish, by a preponderance of the evidence in the case, that the fair market value, at the date of the taking, of his estate or interest in the property which has been taken by the Government, was as much as he alleges."

We find no error with the above instruction because it is well established that the landowner has the burden of establishing the fair market value of the property subject to condemnation. *United States ex rel T.V.A. v. Powelson*, 319 U.S. 266, 63 S.Ct. 1047, 87

---

1. The facts are these: The Government deposited $69,700.00 into an interest-bearing account pursuant to its estimate of just compensation. (Receipt of this amount was acknowledged by the district court clerk on January 8, 1979; *see* district court docket sheet, ER at 34.) Since the jury awarded $74,000.00 to the appellants, the district court, in its judgment on the jury's verdict, awarded to appellants a deficiency judgment of $4,300.00 with interest at six per cent (6%) per annum from January 5, 1979, the date of taking. It is not clear whether the district court awarded only 6% interest, feeling limited by the six per cent figure noted in the Declaration of Taking Act, 40 U.S.C. § 258a(5), or whether it was the court's estimate of prevailing interest rates on relevant obligations and securities during the time period. Also, the record does not indicate what rate applied to the interest-bearing account containing the $69,700.00.

L.Ed. 1390 (1943); *United States v. 429.59 Acres of Land*, 612 F.2d 459, 462 (9th Cir. 1980).

### Right to Open and Close Arguments to the Jury

■ Appellants argue that since the burden of proof was placed upon them, the district court erred in not granting them the privilege to open and close. The Government argues that the district court's decision regarding opening and closing arguments is not reviewable by this court, citing *Lancaster v. Collins*, 115 U.S. 222, 6 S.Ct. 33, 29 L.Ed. 373 (1885). We need not decide the reviewability issue raised by the Government or establish a *per se* rule as argued for by appellants because appellants admitted at oral argument that they could not demonstrate actual prejudice from the district court's action in allocating the right to open and close. Thus, there is no basis for reversal on this issue.

### Interest for Lapse of Time Between Taking and Compensation

The appellants argue that the jury should have considered an interest factor in its just compensation award for delay in payment. Appellants claim that the district court erred in giving Instruction No. 4, which instructed the jury not to consider interest because the court would determine interest.

■ Interest, at a proper and reasonable rate, is an element of just compensation to be determined by the trier of fact. *United States v. Blankinship*, 543 F.2d 1272 (9th Cir. 1976); *United States v. 100 Acres of Land, More or Less*, 468 F.2d 1261 (9th Cir. 1972), *cert. denied*, 414 U.S. 822, 94 S.Ct.

119, 38 L.Ed.2d 54 (1973), and *cert. denied*, 414 U.S. 864, 94 S.Ct. 37, 38 L.Ed.2d 84 (1973); *accord, Miller v. United States*, 620 F.2d 812, 837 (Ct. of Claims, 1980). However, appellants admitted at oral argument that they made no offer of proof as to the appropriate rate of interest to be presented to the jury. No error is therefore demonstrated by the court's instruction on the interest issue since appellants failed to make an offer of proof. Fed.R.Evid. 103(a)(2). *See also, United States v. 100 Acres of Land, supra*, at 1270.

### Instructions on Reasonable Probabilities of Land Uses and the Effect of Land Use Restrictions

Appellants argue that it was error for the district court to have given Instruction No. 6, the "reasonable probability" instruction [2] and Instruction No. 12, the "land use regulations" instruction.[3]

As for Instruction No. 6, appellants draw this court's attention to the testimony of Robert Early, a Port Commissioner for the Port of Tacoma, who stated that the Port had been considering the use of the appellants' property for a terminal for the exporting of coal, that he was aware of the land use regulations applicable to the subject property, and that "the Port had not abandoned all hope of using defendant's [appellants'] property in part for a port facility." Appellants argue that Instruction No. 6 "effectively advise[d] the jury that they could not consider the highest and best use for the subject property, being its availability for deep water port facilities." We disagree.

---

**2.** Instruction No. 6 read in pertinent part:

Fair market value is that sum of money which could have been obtained for the property in question on the open market on the date of taking, considering all of the circumstances; .... However, you should not consider as a factor affecting value anything which depends upon events or combinations of occurrences which, while within the realm of possibility, are not fairly shown to be reasonably probable. Such matters should be excluded from your consideration; otherwise, mere speculation and

conjecture would become a guide for the ascertainment of fair market value.

**3.** Instruction No. 12 read in pertinent part:

It is settled that just compensation for property taken under the power of eminent domain is its fair market value as of the date of taking, considering the property in its condition and situation at that time. Because the condemned property is to be valued in light of its "highest and best use," land use regulations must be considered because they restrict the uses to which the property may lawfully be devoted.

In *United States v. 100 Acres of Land, supra,* this court held that evidence of reasonable probability of uses was admissible and the weight of such evidence was to be considered by the trier of fact. 468 F.2d at 1267. Although the issue in the instant case is with the instruction rather than admissibility, it is difficult to see how the instruction did anything more than to inform the jury that it was their obligation to weigh the reasonable probabilities as dictated by *100 Acres.* There is, therefore, no error relating to Instruction No. 6.

Appellants also argue that Instruction No. 12 placed "undue emphasis" upon land use regulations as such regulations might affect the jury's determination of fair market value of the subject property. There is no merit to the appellants' arguments here. It is clearly established that where the likelihood of the future exercise of the police power is so great as to have an observable effect upon present market value, it may properly be considered in determining the compensation to be paid for such property when it is taken by eminent domain. *See Powelson, supra,* 319 U.S. at 284, 63 S.Ct. at 1057, 87 L.Ed. at 1402. *See also,* 4 *Nichols on Eminent Domain,* § 12.322. The Government presented convincing evidence of the severe police power restrictions placed by various governmental entities upon the future development of the subject property. *Inter alia,* the evidence showed that the property was subject to Washington's Shoreline Management Act which classifies the property as "natural environment," the most restrictive of the relevant land classifications under the act. As a wetland, the property is also subject to relevant restrictions under the Rivers and Harbors Acts. *See, e.g.,* 33 U.S.C. § 565. The evidence also demonstrated the practical limitations to the possible development of the property. In light of this evidence, we do not think that Instruction No. 12 placed any undue emphasis upon land use and development restrictions, and the evidence was sufficient to support the jury's apparent conclusion that development of a port was a remote possibility.

For the reasons expressed herein, we AFFIRM the district court's judgment approving the jury's verdict.