## JAMBERS v. WOODS.

### No. 9595.

Court of Civil Appeals of Texas. San Antonio.

June 12, 1935.

Rehearing Denied Aug. 14, 1935.

. Newton & Gittinger, of San Antonio, for appellant.

Russell & Beaucaire, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by appellee, J. M. Woods, against appellant, George T. Jambers, seeking to recover the sum of $1,415.64, for legal services rendered by appellee for and on behalf of appellant in a number of legal matters.

Appellant by way of cross-action set up the fact that appellee was indebted to him in the sum of $1,577.06, being the amount of interest due upon a certain promissory note, dated January 1, 1931, for the principal sum of $9,466.38, payable to appellant, and signed by F. M. Woods and appellee.

Appellee, in reply to this cross-action, alleged that this note of January 1, 1931, together with all interest due thereon, had been fully discharged by the conveyance of certain real property located on South Presa street in the city of San Antonio to appellant, by deed dated October 31, 1932.

The trial was before the judge without the intervention of a jury and resulted in judgment for appellee in the sum of $1,415.64, and a denial of recovery by appellant on his cross-action. From this judgment, George T. Jambers has prosecuted this appeal.

At the request of appellant, the trial judge made and filed his findings of facts and conclusions of law. The first twelve findings of facts are to the effect that ap-

pellee had rendered appellant legal services of the value of $1,415.64, for which sum he was entitled to judgment. No attack is made upon these findings. The next four findings of fact are, as follows:

"I find that F. M. Woods was in possession of and collecting the rents derived from the property situated on South Presa Street, San Antonio, Texas, until October 31st, 1932.

"I find that the sum of $1,577.06 referred to in paragraph 24 of the defendant's Second Amended Original Answer and Cross Action is interest claimed to be due upon a note executed by F. M. Woods and J. M. Woods payable to the defendant, Geo. T. Jambers, that said note is dated Jan. 1st, 1931, which note is for money invested by the defendant in said property on South Presa Street, San Antonio, Texas.

"I find that on Oct. 31, 1932, F. M. Woods and wife at the instance and request of the defendant executed and delivered to him a deed to said South Presa Street property, that said deed recited the consideration therefor to be 'the sum of Five ($5.00) Dollars paid to me by Geo. T. Jambers, the receipt of which is hereby acknowledged and confessed, and for the further consideration of the cancellation of that certain promissory note heretofore executed and delivered by F. M. Woods and J. M. Woods to Geo. T. Jambers for the sum of money invested by the said Geo. T. Jambers in the hereinafter described lot and parcel of land.'

"I find that said deed was delivered to and accepted by the defendant and that he filed the same for record in the office of the County Clerk of Bexar County, Texas."

Upon these findings of facts the trial judge made his second conclusion of law, as follows: "I conclude that the note and the interest thereon dated January 31, 1931, was canceled by virtue of the execution by F. M. Woods and wife at the instance and request of the defendant of the deed dated October 31st, 1932, which deed was delivered to, accepted by and placed of record by the defendant."

Appellant challenges the correctness of the above conclusion of law. It is pointed out that in this conclusion of law the note is described as being dated January 31, 1931, while the note was, in fact, dated January 1, 1931. This was no doubt a typographical error and could not have misled any one.

The real complaint of appellant is, that he held a deed to the South Presa street property at the time the deed dated October 31, 1932, was executed and delivered to him, and this conveyance could not be regarded as a consideration for the settlement of the interest due on the note of January 1, 1931. The evidence discloses the fact that a conveyance in the form of a deed had been previously executed and delivered to appellant, dated August 22, 1930. However, it is appellee's contention that this conveyance, while in the form of an absolute deed, was intended by the parties as a mortgage and did not convey the fee-simple title to appellant. Frank Woods, the son of J. M. Woods, remained in possession of the premises after the execution of the deed of August 22, 1930, and appellant was never given possession of the premises until the execution of the deed of October 31, 1932.

We are of the opinion and so hold that the trial judge did not commit error in concluding, as a matter of law, that, as a result of the deed executed and delivered to appellant, on October 31, 1932, accepted by and placed of record by appellant, a complete accord and satisfaction was consummated between the parties, and that the note dated January 1, 1931, together with all interest thereon, was thereby canceled.

It will be noted that appellant, in his cross-action, does not ask for judgment for the principal due on this note of January 1, 1931, but only for the interest. He seems to take the position that the conveyance dated October 31, 1932, might be sufficient to cancel the principal of the note, but that it would not cancel the interest as there was no mention of the interest in this conveyance. The decisions are clear that when the note is canceled, in the absence of an express stipulation to the contrary, all interest due on the note is also canceled. Hughes v. Bryson (Tex. Civ. App.) 29 S.W.(2d) 898; 33 C. J. 254.

Appellant also complains that the trial judge sustained a motion to strike out all of his testimony in reference to the interest due on the note. It is true that the trial judge did state that he would sustain such a motion, but he further stated that he would permit the evidence to remain in the record and dispose of the en-

tire cause at one time. This being a trial before the court without the intervention of a jury, such ruling was not prejudicial to the rights of appellant, in view of the fact that the trial judge, on sufficient evidence, found that as to the interest due on this note of January 1, 1931, there had been·a complete accord and satisfaction.

The judgment below will be affirmed.