## MOSS v. MORRIS.

### No. 13473.

Court of Civil Appeals of Texas. Dallas.

Jan. 7, 1944.

Rehearing Denied Feb. 11, 1944.

L. A. Wicks, of Ralls, for appellant.

Ross Huffmaster, of Kaufman, for appellee.

LOONEY, Justice.

The parties will be referred to as in the court below. K. Morris, of Kaufman County, sued J. P. Moss, of Crosby County, on a promissory note for $1,356.80, executed by defendant, payable to plaintiff on or before October 1, 1939. Answering the suit, defendant pleaded, in substance, that the note was given for interest previously accrued on an indebtedness of $16,000, evidenced by seven vendor lien notes executed by defendant as part consideration for certain lots situated in the town of Ralls, Crosby County, and gin properties located and operated thereon, previously conveyed by plaintiff to the defendant; alleging that thereafter, the defendant and wife reconveyed the lots and gin properties to plaintiff in consideration of the cancellation of said purchase money notes and all accrued interest thereon, including, by necessary implication, the note sued upon; wherefore, prayed that plaintiff take nothing and that he go hence. Trial of the case without a jury resulted in judgment in favor of plaintiff, to which the defend-

ant excepted, gave notice of and perfected this appeal.

The material facts, in short, are these: On August 2, 1937, plaintiff conveyed to the defendant certain real estate situated in the town of Ralls, Crosby County, together with all improvements, gin machinery, etc., of every nature located thereon, in consideration of $21,000—cash $3,000, and $18,000 evidenced by eight vendor lien notes, two for $3,000 each and six for $2,000 each, bearing 8% interest per annum; one note and the interest on the series became due on the first day of each succeeding January. The first note, due January 1, 1938, was paid by defendant, together, with interest on the entire series up to January 1, 1938. Being unable to pay note No. 2, for $3,000, due on January 1, 1939, or the interest on the series of notes, defendant asked for an extension, which plaintiff granted, who thereupon prepared the note in suit and mailed same to the defendant for execution; the letter of transmission stated that the amount of the note, $1,356.80, included $1,280 accrued interest on the series, also interest on that amount to October 1, 1939. The defendant executed the note and returned same by mail to the plaintiff.

Defendant being unable to make any further payments, plaintiff testified that without asking defendant to reconvey the property, he had an attorney prepare a deed to be executed by defendant and wife, reconveying to plaintiff the lots and gin properties; mailed the deed to a Mr. Simmons to procure its execution, which was done; that is, defendant and wife duly signed and acknowledged the deed and it was returned to and received by plaintiff, and by him duly placed of record. The deed bears date March 1, 1941, and recites the following consideration: "* * * $10.00 cash in hand paid, the receipt of which is hereby acknowledged and confessed, and the further consideration of the delivery up and cancellation of the following described notes dated August 1937 and being numbered from 1 to 8 inclusive, note No. 1 having heretofore been paid and note 2 to 8 inclusive herein surrendered, notes 2 & 3 being for the sum of $3,000.00 each and notes 4 to 8 inclusive each being in the sum of $2,000.00, said notes being signed by J. P. Moss and payable to K. Morris, and being payable in their serial order January 1, 1938, 1939, 1940, 1941, 1942, 1943, 1944 & 1945. together with all accrued interest now due on said series of notes, said notes being fully set out and described in deed from K. Morris to J. P. Moss, * * *." Although obligated to cancel and deliver to the defendant all notes of the series expressly mentioned, together with all accrued interest thereon, for some reason not disclosed, plaintiff failed to deliver the notes as agreed, and was still in possession of the same at the time of the trial.

As ground for reversal, defendant contends that, in view of the undisputed competent evidence, the court erred in rendering judgment for the plaintiff, and in failing to render judgment for the defendant, in that the note sued upon simply represented and evidenced a part of the accrued interest due on the principal of the series of vendor lien notes canceled and released, together with all accrued interest due thereon as the recited consideration for the reconveyance by defendant and wife of the gin properties to the plaintiff.

This contention, in our opinion, is well taken. The consideration recited for the reconveyance was the cancellation and delivery up of all outstanding vendor lien notes held by plaintiff against the defendant, together with all accrued interest then due on the series of notes, which, in our opinion, necessarily included the interest evidenced by the note in suit. The execution of the note simply changed the evidence of the indebtedness, not its nature, as it remained accrued and unpaid interest on the principal notes, which, by the terms of the conveyance, was expressly canceled as part of the consideration for the reconveyance.

The case of Jambers v. Woods, Tex.Civ. App., 85 S.W.2d 353, similar to the instant case, involved a conveyance executed in consideration of the cancellation of a note, no mention being made of the accrued interest thereon, unlike the instant case that expressly provided for the cancellation of notes and all accrued interest. Subsequently, suit was brought for recovery of the accrued interest, the case reached the San Antonio Court of Appeals, and disposing of the question presented, among other things, that Court said: "We are of the opinion and so hold that the trial judge did not commit error in concluding, as a matter of law, that, as a result of the deed executed and delivered to appellant, on October 31, 1932, accepted by and placed

of record by appellant, a complete accord and satisfaction was consummated between the parties, and that the note dated January 1, 1931, together with all interest thereon, was thereby canceled." See 2nd col. page 354.

But it is insisted that, because plaintiff credited each note with the amount of interest represented by the note in suit, it became segregated from the principal note, and, in legal contemplation, paid, hence did not represent interest due on the principal notes, and was not canceled, within the meaning of the recitation in the reconveyance by defendant and wife to plaintiff. This, in our opinion, is specious reasoning; in the first place, the act of crediting the principal notes as though the interest had been paid, was unilateral, the ex parte act of plaintiff, and not the result of an agreement of the parties; besides, the execution of the note was not tantamount to a payment of that amount of interest, but simply changed the evidence of its continued existence. Crediting the principal notes with the interest represented by the note in suit simply recorded the legal effect of the act; the result would have been the same if the credits had not been entered. Although the trial court found that the interest note was executed and delivered with the agreement and understanding that same was in full payment of the interest represented thereby, we fail to find in the record any evidence justifying such finding. So, we attach no significance whatever to the fact that plaintiff credited the principal notes with interest represented by the note sued upon.

Testifying in his own behalf, plaintiff was asked by his counsel the following: "This deed (the deed reconveying the property) introduced here states that it cancels all principal and interest, that was intended to be only as to the vendor lien notes?" Defendant objected to this question on the ground that the instrument—the deed of reconveyance—was the best evidence, and that the question was an attempt to vary the terms of the written instrument. The Court overruled this objection, we think erroneously, and permitted the witness to answer the question in the affirmative. Based upon this incompetent evidence, the trial court concluded that, at the time defendant and wife executed the deed reconveying the gin property to the plaintiff, it was not the intention of the parties to cancel the interest note sued upon. The answer of the witness was but the statement of a conclusion, without supporting evidence, as the record fails to disclose any evidence as to the intention of the parties other than as revealed by the language of the written instrument itself. As heretofore stated, the reconveyance was made in consideration of the cancellation of the outstanding series of vendor's lien notes, together with all accrued interest due thereon; and the note in question representing a part of the accrued and unpaid interest on the series of notes, the conclusion, we think, is inescapable that the intention of the parties, as revealed by the instrument, was to cancel and release all interest, including the portion thereof represented by the note in suit.

It is obvious that the recited consideration in the deed of reconveyance is contractual in nature, and not susceptible of being either varied, added to, or qualified by parol evidence, in the absence of fraud, accident or mistake, not present in the instant case. The conclusion just announced is amply sustained by authorities. The doctrine appears, with citation of supporting authorities, in 17 T.J., Sec. 388, pp. 854-5, stated as follows: "Where the recited consideration is contractual it may not be varied, added to, or qualified by parol evidence unless fraud, accident or mistake is alleged—especially where the offered evidence would have the effect of varying the terms of the contract or adding to or taking away from the obligation expressed in the writing, or destroying the instrument as between the parties. In other words, where the recital embodies the terms of the contract, it is subject to the general rule excluding parol evidence of additional terms, even though they may constitute part of the consideration."

So, we conclude that the judgment can't stand upon the incompetent evidence upon which, seemingly, the trial court based its most material conclusion; therefore, in view of the undisputed evidence, the judgment below is reversed and judgment here rendered in favor of the defendant, that plaintiff take nothing, and pay all costs incurred in this and in the court below.

Reversed and rendered.