### HARRIS v. NEW AMSTERDAM CASUALTY CO.

### No. 11175.

Court of Civil Appeals of Texas. Galveston.

April 3, 1941.

Rehearing Denied May 8, 1941.

432

Dick Young and C. F. Stevens, both of Houston, for appellant.

Bryan & Bryan, of Houston, for appellee.

GRAVES, Justice.

This appeal, in a compensation case, is from a judgment of the 127th District Court of Harris County, pursuant to appellee's motion therefor, entered upon a jury's verdict in response to special issues submitted—except as to its answer to special issue No. 8, which the court discarded—decreeing that, "New Amsterdam Casualty Company be relieved of any liability of any kind or character to the said plaintiff, W. D. Harris, and further, that the said W. D. Harris recover nothing whatsoever of any kind or character from the said New Amsterdam Casualty Company."

In his suit herein against the appellee, the appellant, after having alleged his prior collection from the appellee of approximately $1,000, in $11.08 weekly installments, as compensation for the total and permanent loss of his right eye in an accident occurring on May 25 of 1936, while in the course of his employment by this appellee's assured, Emsco Derrick & Equipment Company, and "* * * while engaged in forcing a pin out of a length of drive chain, pieces of metal, rust, or some other substance, the exact nature of which is unknown to the plaintiff, accidentally struck him in the face and both eyes * * *", further declared upon resulting permanent injuries in the same accident and from the same cause to his left eye also, to the extent of "more than one-half of the sight of his left eye", praying for "the resulting compensation rate of Twenty ($20.00) Dollars per week, which this plaintiff is and was entitled to receive for his disability."

The special issues, which the trial court specially certifies to have been "substantially identical with the form prepared and submitted by plaintiff, through its trial counsel, attorney B. W. Johnson", omitting definitions, together with the jury's answers thereto, were these:

"No. 1. Do you find from a preponderance of the evidence that the plaintiff, W. D. Harris, suffered an injury to both eyes as the result of an accident on May 25, 1936? We do not.

"No. 2. Do you find from a preponderance of the evidence that as a result of such injuries, if any, to both eyes, plaintiff, W. D. Harris, has suffered any total incapacity for work? We do.

"No. 3. How long, if any time, do you find from a preponderance of the evidence plaintiff, W. D. Harris, was totally incapacitated for work? May 25th—Oct. 13th, 1936.

"No. 4. Do you find from a preponderance of the evidence that as a result of the injuries, if any, to both eyes, plaintiff, W. D. Harris, has suffered or will suffer any partial incapacity? We do.

"No. 5. How long, if for any time, do you find from a preponderance of the evidence such partial incapacity to work, if

any, has continued or will continue? Permanently incapacitated.

"No. 6. When, if at any time, do you find from a preponderance of the evidence such partial incapacity to work to have begun? Oct. 14th, 1936.

"No. 7. As related to 100 per cent, what per cent of partial incapacity to work, if any, do you find from a preponderance of the evidence W. D. Harris to suffer as a result of the injuries to both eyes, if any? 50%.

"No. 8. From a preponderance of the evidence what sum of money, if any, do you find to be the fair and just weekly wage to all parties concerned? 20.00.

"No. 9. Do you find from a preponderance of the evidence that plaintiff, W. D. Harris, on May 25, 1936, suffered an injury to his right eye only? We do.

"No. 10. Do you find from a preponderance of the evidence that the defective condition, if any, of the left eye of the plaintiff, W. D. Harris, is not due to any injury to either eye suffered on May 25, 1936? We do.

"No. 11. Do you find from a preponderance of the evidence that the only disability or incapacity present in the left eye of plaintiff Harris is occasioned by a far-sighted astigmatism? We do.

"No. 12. Do you find from a preponderance of the evidence that properly fitted glasses would have substantially removed any incapacity or disability, if any, in the left eye of plaintiff Harris? We do."

None of these answers are attacked as being unsupported by the evidence. But in this court appellant seeks to be relieved from this adverse determination to him below, solely upon eight submitted propositions, which, in his verbis, are as follows:

"First. The trial court erred in overruling and failing to sustain appellant's contentions that the jury's answer to special issue No. 1 that Harris had not suffered an injury to both eyes as a result of the accident of May 25, 1936, is in conflict with the jury's answer to Special Issue No. 2, finding that as a result of such injury to both eyes he had suffered total incapacity to work.

"Second. The trial court erred in overruling and failing to sustain appellant's contention that the jury's answer to special issue No. 1, that Harris did not sustain an injury to both eyes, is in conflict with the jury's answer to special issue No. 3, find-

ing that as a result of the injury to both eyes he suffered total disability from May 25, 1936, to October 13, 1936.

"Third. The trial court erred in overruling and failing to sustain appellant's contention that the answer to special issue No. 1 is in conflict with the answer to special issue No. 4, wherein the jury found that as a result of injury to both eyes Harris has, or will, suffer partial incapacity.

"Fourth. The trial court erred in overruling and failing to sustain appellant's contention that the answer to special issue No. 1 is in direct conflict with the answer to special issue No. 5, wherein the jury found that partial incapacity for work by reason of injury to both eyes is permanent.

"Fifth. The trial court erred in overruling and failing to sustain appellant's contention that the jury's answer to special issue No. 1 is in direct conflict with the answer to special issue No. 6, wherein the jury found that such partial incapacity, as a result of injury to both eyes, began October 14, 1936.

"Sixth. The trial court erred in overruling and failing to sustain appellant's contention that the answer to special issue No. 1 is in direct conflict with the answer to special issue No. 7, wherein the jury found that as a result of the injury to both eyes of plaintiff, he had suffered partial incapacity of fifty per cent.

"Seventh. The trial court erred in overruling and failing to sustain appellant's contention that the jury's answer to special issue No. 9, that Harris suffered an injury to his right eye only, is in conflict with the answers to special issues Nos. 2, 3, 4, 5, 6, and 7, wherein they found he did suffer an injury to both eyes.

"Eighth. Because the trial court erred in overruling and failing to sustain appellant's contention that the jury's answer to special issue No. 10, finding that the defective condition of Harris' left eye was due to an injury suffered on May 25, 1936, as first returned into court by the jury, was in conformity with the answers to special issues Nos. 2, 3, 4, 5, 6, and 7; but after retiring under the court's order to 'iron out' the conflict of such issues, as answered with special issue No. 1, the jury returned into court its answer, finding that the defective condition of plaintiff's eye was not due to an injury suffered May 25, 1936, which conformed with the

answer to special issue No. 1, and conflicted with the answers of each of special issues Nos. 2–7."

None of these contentions, it is determined, should be sustained. To the contrary, in the state of the record presented, it is thought the trial court rendered the only judgment properly applicable to the developed facts of the case.

As this court appraises the issues for appellate review, they get down to these two: (1) Whether there were any irreconcilable conflicts in the jury's answers to the special issues, excluding from that consideration its answer to No. 8; (2) whether the court erred in discarding such answer to issue No. 8, as having been without sufficient evidence to support it, as well as having been immaterial to any ultimate fact issue properly raised in the cause.

■■ On an analysis thereof, having in mind at the time the applicable rules of law for the appraisement of the verdict, as declared in such cases as Townsend v. Young, Tex.Civ.App., 114 S.W.2d 296; Gross v. Dallas Ry. & Terminal Co., Tex. Civ.App., 131 S.W.2d 113, writ of error dismissed; Porter v. Liberty Film Lines, Inc., Tex.Civ.App., 127 S.W.2d 480; Consolidated Underwriters v. Lowrie, Tex.Civ. App., 128 S.W.2d 421; Shell Oil Co. v. Dennison, Tex.Civ.App., 132 S.W.2d 609; Lem Smith & Co. v. Sweatt, Tex.Civ.App., 72 S.W.2d 313; Fidelity & Casualty Co. v. Branton, Tex.Civ.App., 70 S.W.2d 780, this court fails to perceive any of the claimed conflicts.

In other words, under the bounden duty to reconcile the findings involved, if that may reasonably be done, it finds no real antagonism—if there be an apparent one—between this jury's finding No. 1, that appellant did not suffer an injury to both eyes, and those under 2 to 9, inclusive (excluding No. 8), to the aggregate effect that—the right eye, being evidently recognized as a total loss, the consequences detailed in such succeeding findings attended, resulted along with and followed because of it, in any event.

This appraisal of what the jury meant and intended to so find the ultimate facts to be under the first nine inquiries seems to be made plain by its answers to issues Nos. 9 to 12, inclusive, as follows:

"(a) Appellant suffered an injury to his right eye only.

"(b) That the defective condition of his left eye was not due to the injury to the right eye suffered on May 25, 1936.

"(c) That the only condition in the left eye complained of was occasioned by far-sighted astigmatism.

"(d) That properly fitted glasses would have substantially removed any incapacity or disability in the left eye complained of."

In other words, notwithstanding, indeed, in spite of, the confusing form of the submitted inquiries, which the trial court admittedly indulged in at appellant's request, the jury reasonably appears to have had this objective as the result of all its findings, to wit, to recognize the specific injury to the right eye of appellant, together with its total and permanent character, and in consequence to give compensation for that, and it only, under the overriding finding repeated under special issues 1 and 9 especially, to the effect that, while he had suffered such an obliteration of the sight of his right eye, his injuries from this accident were to it alone.

■ It follows also, subsidiarily, under the unimpeached finding of the court, quoted supra, that whatever confusion or apparent conflict the verdict as a whole might seem to be subject to, if submission of the issues upon which it was so based constituted error at all upon the trial court's part, it was one invited by the appellant, of which he may not properly complain upon appeal. 3 Tex.Jur., Appeal and Error, Civil Cases, p. 1031, paragraph 731, and footnote cited authorities; Whitehead v. Traders & General Ins. Co., Tex.Civ.App., 128 S.W.2d 429.

■ While, under the conclusions stated, quoted special issue No. 8, along with the jury's answer thereto, become immaterial, it may not be amiss to say that the record conclusively shows that issue not only to have been an immaterial one under the pleadings and developed facts, but also to have been without evidence of any probative force to support the finding made thereon; this for the reason that the undisputed evidence shows there had been other employees in appellant's same class, working for substantially a year at the date of his declared-upon injury, and that the wages paid them were substantially the same weekly wage of $11.08 appellee had already paid appellant, to the aggregate amount of $1,000; so that, no recourse was permissible to subsection 3, Section 1, of R.

S. Article 8309, part 4, which issue No. 8 invoked; Long v. Safety Cas. Co., Tex. Civ.App., 128 S.W.2d 92; Edmiston v. Texas & N. O. Ry. Co., 135 Tex. 67, 138 S. W.2d 526; Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80; Tex.Jur., Sec. 356, p. 1220; Service Mutual Ins. Co. v. White, Tex.Civ.App., 138 S. W.2d 273, error refused; Lamb v. Isley, Tex.Civ.App., 143 S.W.2d 202; Texas Steel Co. v. Rockholt, Tex.Civ.App., 142 S. W.2d 842.

Wherefore, from the perspective of appellate review, it seems reasonably clear that this jury intended to and did, in effect, find that this appellant had suffered the specific injury of the total loss of one eye from this accident, and no more; further, that he having failed to meet the burden upon him to show that subdivisions 1 and 2 of R.S. Article 8309, dealing with the fixing of weekly wages, were not applicable to the facts in his case, but permitted the evidence to show conclusively to the contrary, the jury's finding under issue No. 8 constituted a mere superfluity, instead of any deprivation of a right in him. The trial court, therefore, committed no error prejudicial to the appellant, either in disregarding the jury's finding under No. 8, or in rendering a judgment in appellee's favor on the other findings.

These conclusions require an affirmance; it will be so ordered.

Affirmed.