## RUNYAN v. GREAT LAKES DREDGE & DOCK CO.

### No. 9598.

Circuit Court of Appeals, Sixth Circuit.

March 20, 1944.

Bernsteen & Bernsteen and Charles Auerbach, both of Cleveland, Ohio, for appellant.

Duncan, Leckie, McCreary, Schlitz & Hinslea and J. Harold Traverse, all of Cleveland, Ohio, for appellee.

Before ALLEN, HAMILTON, and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant was a seaman employed by appellee aboard its harbor tug, James H. Cassidy, which was a vessel licensed for coasting trade and engaged in the business of commerce and navigation on the Great Lakes.

On June 14, 1938, in the course of his work, appellant sustained an injury to his hand and on November 14, 1938, instituted an action under Section 33 of the Merchant Marine Act, 46 U.S.C.A. § 688. Trial was had before a jury and appellant was awarded $433.44 which appellee paid. On August 9, 1940, appellant filed this action in admiralty.

The trial court found as a matter of law that this action was barred by the earlier one and dismissed appellant's libel, from which judgment this appeal is prosecuted.

In the first action appellant sought recovery among other items for lost wages, past

and prospective, and likewise medical and surgical attention and medicines and the court instructed the jury that if they found for the plaintiff they would include in the award any loss of earnings or any impairment of earning capacity. The court stated in the presence of the jury that there was no evidence as to medical or hospital expense and counsel for plaintiff responded that plaintiff had been confined in St. John's Hospital for which defendant had paid the expense.

In the present action libellant claims he cannot follow any gainful occupation without the complete amputation of his injured fingers and that in order that he might be permanently cured, it will be necessary for him to incur additional expenses for medical treatment and surgery and that such treatment will require his complete cessation from work for a period of three months. Prior to the institution of the former action, libellant paid $85 for medical services which sum was not included in the former action and which he now seeks to recover.

Under the terms of libellant's employment, he worked aboard the James H. Cassidy eight hours a day and lived ashore. He had no sleeping quarters on the boat, received no meals from his employer and was paid $9.80 a day for his services.

■ It is settled that the right to maintenance, cure and wages of a seaman is a contractual obligation arising out of the nature of the employment and any claim on this account is independent of any right of indemnity under the Merchant Marine Act, 46 U.S.C.A. § 688, and that a recovery in one proceeding of indemnity for injuries is not a bar to a subsequent proceeding for maintenance, cure and wages and for indemnity for injuries occasioned by unseaworthiness. Pacific S.S. Co. v. Peterson, 278 U.S. 130, 138, 49 S.Ct. 75, 73 L.Ed. 220. That a libellant in admiralty may at his election join either as an independent or as alternate, claims under the respective rules of recovery would seem clear. Lindquist v. Dilkes, 3 Cir., 127 F.2d 21; Smith v. Lykes Brothers-Ripley S. S. Co., 5 Cir., 105 F.2d 604.

■ The general rule as to judgments that a judgment on the merits rendered in a former suit between the same parties in the same cause of action by a court of competent jurisdiction operates as an estoppel, not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which with propriety might have been litigated and determined in that action, applies to proceedings in Admiralty Courts. Even if the two suits do not involve the same claim, demand or cause of action, estoppel may arise out of an earlier action to bar a subsequent proceeding. The successful maintenance of a second action on a different cause may be precluded by a prior adjudication of a particular issue involved in both actions. The test is, Was the matter litigated in the former suit determinative of the matter in controversy in the second suit. If an examination of the pleadings making the issues and the facts show that the questions essential to the decision of the first controversy are the same as those in the latter action, it will be barred. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069; United Shoe Machinery Corp. v. United States, 258 U.S. 451, 459, 42 S.Ct. 363, 66 L.Ed. 708.

The substance of appellant's claim in the present action is identical with that in the first action. He introduces in the present action three elements which were a part of the claims in the first suit.

■■ While appellant had two causes of action, the matter which he litigated in the former suit is essential to a decision in the case at bar. Under these circumstances the proceeding is in the nature of splitting his cause of action and the rule applies that he who avails himself of a judgment for a part of an entire indivisible claim estops himself from maintaining an action upon any other part of it. Appellant makes no claim that the items of recovery which he now seeks were unknown to him during the pendency of the first suit or that they were omitted therefrom through mistake or ignorance or that they are based upon new facts or conditions. All of the facts stipulated and stated by counsel in the present cause were before the court in the former one except the claim of appellant that he paid $85 for medical services before he instituted the prior action. However, appellant's counsel stated in response to an inquiry from the court at the former trial that there was no evidence of medical or hospital expense.

The very right which appellant now seeks to establish arises out of the same facts which were adjudicated in the prior proceeding.

In accordance with Rule 18 of the Rules of Civil Procedure, 28 U.S.C. following section 723(c), a claim for maintenance and cure may be joined with a tort suit under the Merchant Marine Act and it is a fair inference from the facts in this case that appellant intended to and did join his claims in the first suit.

Judgment affirmed.