## ANCHOR CASUALTY CO. v. McGOWAN.

### No. 12277.

Circuit Court of Appeals, Fifth Circuit.

June 4, 1948.

Rehearing Denied June 30, 1948.

David Bland and Austin Y. Bryan, Jr., both of Houston, Tex., for appellant.

Albert P. Jones, of Houston Tex., for appellee.

Before SIBLEY, HOLMES, and LEE, Circuit Judges.

LEE, Circuit Judge.

The cause of action asserted in this case arose by reason of an accident which happened on the 22nd of March, 1946, while the plaintiff below, appellee here, was working for Morris & Meredith, Inc., in Colorado County, Texas. Morris & Meredith, Inc., was a subscriber under the Workmen's Compensation Act of Texas, Vernon's Ann. Civ.St.Tex. art. 8306 et seq., and carried its insurance with the appellant, defendant below. The appellee is a resident of Texas, and the appellant is a foreign corporation authorized to do business in Texas. In his petition, the plaintiff alleged that while acting within the scope of his employment on or about March 22, 1946, he suffered bodily injuries when he was run into and struck by a truck, and that as a result of the injuries he became totally or, in the alternative, partially disabled, as those terms are

defined in the Workmen's Compensation Act of Texas. His claim was filed with the Industrial Accident Board, and that Board in November, 1946, made an award. Within the time allowed by the statute, the plaintiff filed notice of dissatisfaction with the award, and within the statutory time filed this suit. The wage rate upon which compensation was allegedly due him is set up in his petition in this language:

"For substantially the whole of the year immediately preceding his injuries the plaintiff worked in the employment in which he was working at the time of his injuries, and during the days when so employed earned an average weekly wage of $75.00 per week.

"In the alternative, if the plaintiff did not work in such employment for substantially the whole of the year immediately preceding his injuries, he shows that employees of his class at the time of his injuries had worked in such employment for substantially the whole of the year immediately preceding his injuries, in the same or similar employment, in the same or a neighboring place, and that during the days when so employed earned the average weekly wage of $75.00 per week.

"Further in the alternative, the plaintiff shows that because of the shortness of the time of his employment and because of the shortness of time of the employment of other employees in his class, during the year immediately preceding his injuries, and for other good and sufficient reasons it is impracticable to compute his wage rate under the two methods alleged above and that it would be just and fair to the plaintiff and to the defendant, therefore, to calculate his compensation rate by the wage which he was earning at the time of his injuries, to-wit, on the basis of an average weekly wage of $75.00 per week."

The alternate allegations are based upon subsections 1, 2, and 3 of Section 1, Article 8309, R. C. S., 1925, Vernon's Ann.Civ.St. Tex. art. 8309, § 1, subds. 1–3, a part of the Workmen's Compensation Law. The subsections provide:

" 'Average weekly wages' shall mean:

"1. If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed.

"3. When by reason of the shortness of the time of the employment of the employee, or other employee engaged in the same class of work in the manner and for the length of time specified in the above Subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the Board in any manner which may seem just and fair to both parties."

Plaintiff's testimony and that of his fellow workmen showed that he had not been employed for 300 days in the work that he was doing prior to his injury; that at most he was employed about 225 days. The evidence also showed that no fellow servant or workman of the same class had been employed as much as 300 days, but that the average employment for a year on the part of such workmen was, as in the case of plaintiff, about 225 days. The plaintiff testified that he earned $1.05 an hour for the first 40 hours of each week, and for the next 8 hours he received time-and-a-half. At the time of his injury he was on a straight daily basis of pay of $8 per day. The case was submitted to the jury on special issues. Those pertinent here, with the answers thereto, are as follows:

"Special Issue No. 16.

"Did Alvin Charles McGowan work substantially the whole of the year immediately preceding March 22, 1946, in the

employment in which he was working at such time?

"Answer 'yes' or 'no.'

"By 'substantially the whole of the year' is meant 300 days or close to or near 300 days.

"Answer: Yes.

"If you have answered the preceding Special Issue No. 16 'yes' and only in that event, then answer:

"Special Issue No. 17.

"What was the average weekly wage earned by Alvin Charles McGowan in such employment during the year preceding March 22, 1946?

"Answer by stating the amount in dollars and cents.

"Answer: $71.40 per week.

"Special Issue No. 18.

"Was there any other employee of the same class as Alvin Charles McGowan who worked substantially the whole of the year immediately preceding March 22, 1946, in the same or similar employment in the same or neighboring place?

"Answer 'yes' or 'no.'

"By 'substantially the whole of the year' is meant 300 days or close to or near to 300 days.

"Answer: Yes.

"If you have answered the preceding Special Issue No. 18 'yes' and only in that event, then answer:

"Special Issue No. 19.

"What was the average weekly wage earned by such other employee during the year immediately preceding March 22, 1946?

"Answer by stating the amount in dollars and cents.

"Answer: $71.40 per week.

"Special Issue No. 20.

"What average weekly wage would be fair and just to the plaintiff, Alvin Charles McGowan, and the defendant, Anchor Casualty Company, to be used as a basis for calculating the compensation benefits, if any due to the said plaintiff?

"Answer by stating the amount in dollars and cents.

"Answer: $56.00."

The judgment filed and entered on October 16, 1947, recited in full these special issues and the jury's answers, and was based upon the verdict. Five days after an appeal was taken, a further order was filed and entered nunc pro tunc as of October 16, 1947, based upon the verdict, and striking from the judgment the jury's answers to special issues Nos. 16, 17, 18, and 19.

Appellant contends that the facts found by the jury under the special issues are inconsistent, that in such case the court is powerless to set aside the findings or to change them, and that the most the court could do in such circumstances was to set aside the verdict and grant a new trial.

Under Texas law where the evidence shows that neither subsection 1 nor subsection 2 of Section 1 of Article 8309 is applicable, the verdict must be based upon subsection 3, which provides that the weekly wage shall be computed by the Board in any manner which seems just and fair to both parties.

■■ There is no evidence in the record to support the jury's findings on special issues Nos. 16 through 19. Since neither the plaintiff nor any fellow workmen in like employment had worked substantially the whole of the year preceding appellant's injuries, the contrary findings of the jury are without any evidence upon which the verdict may rest. As the evidence clearly showed that subsections 1 and 2 were inapplicable, special issues Nos. 16, 17, 18, and 19, should not have been submitted to the jury.

The fact that they were submitted and the jury answered, is, however, harmless error. The judgment based upon subsection 3 finds support in the answer to special issue No. 20. Moreover, the award of $20 per week allowed in the judgment is not out of line with any of the jury's findings in the special issues submitted, including those erroneously submitted. Appellant does not complain that an excessive rate was arrived at by the jury; nor does it complain that the judgment is excessive. Since this is true, what was said by this

court in Morris Land & Cattle Co. v. Kilpatrick, 5 Cir. 256 F. 788, 791, is pertinent:

" * * * A judgment is not to be reversed because of an omission [or commission] which did not have the effect of depriving the party complaining of any substantial right."

■■ There is no inconsistency in the jury's findings; the fault lies in the fact that there was no evidence to support its findings on special issues No. 16 through No. 19. In such a case the court is justified in disregarding those of the jury's findings which are without support in the evidence and which are immaterial to the court's judgment. Aetna Casualty & Surety Co. v. Davis, 196 S.W.2d 35; see also Harris v. New Amsterdam Casualty Co., Tex.Civ.App. 150 S.W.2d 431. The order entered by the court nunc pro tunc as of October 16, 1947, striking the jury's findings on special issues Nos. 16 through 19, was a matter of form and not of substance. It merely served to clarify the previous order, the judgment here on appeal. Cf. Continental Casualty Co. v. Little, 5 Cir., 152 F.2d 728.

■ In answer to special issues Nos. 5 and 6, the jury found that appellee's injuries resulted in total and permanent disability. In answer to interrogatories Nos. 39 and 40, the jury found that a double inguinal hernia, from which the appellee suffered, did not contribute to or form any part of the total disability of the appellee. Appellant urges that such findings are irreconcilable, that under the Texas law a single or double hernia is disabling, and compensation therefor is fixed. Appellant argues that in finding that appellee was totally and permanently disabled but that the double hernia from which he suffered did not contribute to his disability, the jury ignored the clear provisions of the Texas statute. We find no inconsistency in the jury's finding. There is ample evidence in the record to show that the appellee was permanently disabled as a result of injuries not connected with the hernia. The fact that the hernia may have aggravated the disability is immaterial. As said by the Supreme Court of Texas in Guzman v.

Maryland Casualty Co., 130 Tex. 62, 107 S.W.2d 356, 357:

"This court has settled the rule that liability for damages for personal injuries arising under the Compensation Law cannot be defeated by showing that the person injured was not a well person at the time of the injury. Nor will a recovery for such compensation be denied although it may appear that the injury received was aggravated by the effect of some disease existing at the time of the injury or occurring afterwards."

Appellant's contentions on this appeal are highly technical. The evidence supports the award, and in our opinion, substantial justice was done in the court below.

The judgment appealed from is affirmed.