Richard H. CLINTON, Appellant,

v.

JOSHUA HENDY CORPORATION, and Pacific Far East Line, Inc., a corporation, Appellees.

No. 16145.

United States Court of Appeals Ninth Circuit.

March 6, 1959.

Richard H. Clinton, Sherman Oaks, Cal., in pro. per.

Robert Sikes, Los Angeles, Cal., for appellee Joshua Hendy Corp.

Allan F. Bullard, San Pedro, Cal., for International Organization of Masters, Mates & Pilots.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

BARNES, Circuit Judge.

Appellant, an American seaman, appears in propria persona, appealing from a partially adverse judgment rendered by the district court below, wherein appellant was awarded a $232.00 maintenance judgment for a twenty-nine day disability arising from injuries incurred by appellant on September 18, 1954, while employed by defendant Joshua Hendy Corporation on the S. S. Marine Arrow.

A substantial portion of this present appeal is devoted to issues raised and questions determined by a previous appeal and subsequent decision of this Court. We refer to Clinton v. International Organization of Masters, Mates & Pilots of America, Inc., (decided March 24, 1958) 9 Cir., 1958, 254 F.2d 370 (rehearing denied). Reference is hereby made to said opinion in full. It was an appeal from a dismissal below of Clinton's first, second, third and eighth causes of action. The ninth cause of action, against the State of California, was appealed, but that appeal was dismissed on March 26, 1956.[1]

Other preliminary matters must be disposed of before we reach the merits. They are, seriatim:

1. See note 1 to opinion, 254 F.2d 370, 371.

## I

On September 9, 1958, appellant filed a First Amended Appellant's Brief, to which was attached a Second Amended Appellant's Brief, raising two new points on appeal.

## II

■ On October 15, 1958, appellant moved in this Court to file an amended third cause of action, "to conform to the opinion of this Court of March 24, 1958 to bring the third cause of action of the original complaint or libel into the jurisdiction of the Federal District Court * * *." The hearing of that motion was continued to the time the appeal was heard. That motion relates to a matter finally determined by our previously cited opinion, and not legally in existence when the motion was made. The motion must be, and is, hereby denied.

## III

At the hearing of the appeal on January 6, 1959, appellant offered to file his Reply Brief. There being no objection by appellees to the late filing, it was ordered filed.

■ Strictly speaking, appellant's Transcript of Record (Volume I), his Opening Brief, his Reply Brief, and in fact every document filed save the Reporter's Transcript, and portions of his Third Amended Appellant's Brief, should be stricken from the files. Local Rule 18(7), 28 U.S.C.A. Appellant has failed to comply with Rule 18(2) (a) of this Court, and Rule 75(m) of the Fed.R. Civ.P., 28 U.S.C.A. There are page references in the Opening Brief in the subject index page, but no adequate numbering of the pages. There is neither reference to pages, nor page numbers themselves, on three of the five other documents filed by appellant. Were an attorney to file such papers, he would have been reprimanded and some penalty assessed against him. Were such action to be taken here, appellant would undoubtedly keenly feel his right to appear as his own attorney had been violated and infringed upon. He thus seeks to have rights, and be accorded treatment, that attorneys could never hope to obtain.

Nevertheless, we do not propose to penalize appellant. His "Reply Brief" is ordered filed; *except* that the portion on the upper half of page three, above the word "Argument," is stricken by order of this Court. This stricken portion of the Appellant's Reply Brief purports and attempts to amend the assignments of error in Appellees' Brief by Appellant's Third Amended Brief.

## IV

■ At the hearing of the appeal on Janaury 6, 1959, appellant filed, to permit this Court to examine it, a "Notice of Motion for Modified Findings of Fact" which apparently is a copy of a document filed in the district court, which that court ordered treated as a "Cost Bill." This is ordered, by this Court, stricken from the record as a separate document, inasmuch as it already appears in the Transcript of Record at unnumbered page "61."

## V

■ At the hearing of the appeal on January 6, 1959, appellant filed (a) another document, without heading of title or cause, entitled "Second Amended Appellant's Brief Filed with First Amended Appellant's Brief," attached to (b) a document headed with the title and number of this action, entitled "Third Amended Appellant's Brief Assignment of Error," attached to a document similarly headed, entitled "Third Amended Appellant's Brief with Additional Questions of Appeal." Eight of the last nine pages of these documents are numbered one to eight, inclusive; none of the others are numbered. No Table of Cases, nor Index, is included. Under the circumstances, and because we believe the questions purportedly raised therein are already within the issues, these last combined documents are ordered stricken from the file, and lodged with the clerk.

## VI

This brings us to the matters now on appeal. They are set forth in the fourth, fifth, sixth and seventh causes of action in plaintiff's complaint.

There is little dispute in the statements of fact presented by both appellant and appellees. We adopt appellees', which is as follows:

"Appellant was dispatched by his union, the Masters, Mates and Pilots, on September 17, 1954, to act as a relief mate on the vessel S S Marine Arrow. He boarded the vessel and in the course of his duties determined to raise the gangway. There was an electric motor on the vessel for the purpose of raising the gangway and appellant pressed the button to activate this motor but it did not function. Appellant then obtained an emergency manual handle about thirty inches in length and placed in the winch fall of the davit, such handle being for such use when the electric motor was not used. He wound the winch fall inboard by the use of this manual crank; raised the gangway two or three feet; left the manual crank in the davit winch axle where he had been cranking the davit; then went down to the dock with another officer and later returned to the winch davit. Appellant then attempted to activate the electric winch again by pushing the button and this time the elecric winch functioned which caused the manual crank which had been left in it to move and strike appellant's knee causing the injury complained of. At the time of his injury no one else was involved in any of the activity at the winch and there was no one within fifteen feet of the appellant. As a result of his injury appellant was not fit for duty as a seaman for 29 days. The sole proximate cause of the appellant's injury was his own negligence and there was no negligence or unseaworthiness of the vessel which was a proximate cause of the appellant's injury."

These facts support the Findings of Fact and Conclusions of Law made by the trial judge. They read:

### "Findings of Fact

"1. That on September 18, 1954, the Libelant was in the employ of Respondent Joshua Hendy Corporation as a Merchant Seaman on board the S S Marine Arrow within the Southern District of California at Los Angeles Harbor;

"2. That at said time and place the Libelant was injured in the right leg during the course and scope of his said employment when his right leg was struck by a hand crank which had been inserted by the Libelant into a gangway Davit;

"3. That the sole proximate cause of said injury was the negligence of the Libelant himself;

"4. That as a result of the said injury, the Libelant was not fit for duty as a seaman during the period September 20, 1954 to October 19, 1954, on the latter date the Libelant having returned to a Status wherein he was fit for duty as such seaman;

"5. That the Reasonable Rate of Maintenance at the time and place hereinabove referred to insofar as this Libelant was concerned was $8.00 per day;

"6. That the Libelant received no maintenance and cure payments in connection with this said injury;

"7. That there was no negligence or unseaworthiness of the vessel which was a proximate cause of the Libelant's injury.

### "Conclusions of Law

"1. That the Libelant is entitled to recover '29 Days' of Maintenance at $8.00 per day as against Respondent, Joshua Hendy Corporation in a total sum of $232.00.

"2. That the Respondents, and each of them, is entitled to judgment against the Libelant on the Libelant's causes of action for damages for unseaworthiness and for negligence;

"3. That Respondent Pacific Far East Line is entitled to judgment as against the Libelant on all counts."

## VII

Appellant urges as error:

*First:* The trial court erred in finding in admiralty: (a) that appellant's negligence was the sole proximate cause of appellant's injuries, and (b) that there was no negligence on the part of the owners of the vessel, nor any unseaworthiness.

*Second:* The second, third and fourth assignments of error refer to matters considered and determined adversely to appellant in the previous appeal, hereinabove referred to, and will not here be further considered.

*Third:* The fifth assignment of error concerns the district court's conclusion of law that Pacific Far East Line was entitled to judgment as against libelant on all counts.

*Fourth:* Appellant's sixth assignment of error was the failure of the district court to award interest in addition to the $232.00 maintenance judgment.

## VIII

 In considering the alleged error referred to in the first assignment, we must keep in mind that in admiralty matters there is no longer a trial *de novo* on appeal, and the federal appellate tribunals have no greater scope of review in admiralty actions than they have under Rule 52(a) of the Federal Rules of Civil Procedure. McAllister v. United States, 1954, 348 U.S. 19, at page 20, 75 S.Ct. 6, at page 8, 99 L.Ed. 20. Further, the burden is on appellant to show that the findings of the trier of fact are clearly erroneous. Watson v. Button, 9 Cir., 1956, 235 F.2d 235.

The findings of the court are presumptively correct and will not be set aside unless clearly erroneous. Rule 52(a), Fed.R.Civ.P.

 The appellee Joshua Hendy Corporation, despite the judgment against it, is not the appealing party, and hence is the prevailing party. In such a case we are required to take the view of the evidence most favorable to appellee. Stone v. Farnell, 9 Cir., 1956, 239 F.2d 750; Sun Ins. Office, Ltd. v. Gonce, 9 Cir., 1955, 224 F.2d 250; Linscomb v. Goodyear Tire & Rubber Co., 8 Cir., 1952, 199 F.2d 431.

 The findings on both issues raised by appellant are clearly not erroneous. A mere reading of the facts proved establishes that conclusion. In truth, it is difficult on the issue of negligence to see how any other conclusion than sole negligence on the part of appellant could possibly have been found by any trier of fact.

## IX

In considering the alleged error referred to in the fifth assignment—the status of the Pacific Far East Line—the record clearly shows appellant has no cause of complaint. He was represented below by counsel and a proctor in admiralty, Mr. Selwyn.

 In the course of the trial the proctor for both appellees, Joshua Hendy Corporation and Pacific Far East Line, stipulated that the appellant was employed by Joshua Hendy Corporation, and proctor for the appellant agreed that such was sufficient. Further, proctor for the appellees stipulated that Joshua Hendy Corporation was the owner and operator of the vessel and the employer of appellant. Under those circumstances it is obvious that if appellant recovered, either on the theory of unseaworthiness or negligence, he would recover against

Joshua Hendy Corporation. Both appellant and his proctor, Mr. Selwyn, agreed to look to Joshua Hendy Corporation for any judgment. Appellant obtained that judgment. There has been no showing that appellant has been prejudiced in any manner by a failure to find as to the status of Pacific Far East Line.

 It is well settled that a judgment may not be reversed because of any omission or commission which did not deprive the complaining party of some substantial right. Lancaster v. Collins, 1885, 115 U.S. 222, 227, 6 S.Ct. 33, 29 L.Ed. 373; Anchor Cas. Co. v. McGowan, 5 Cir., 1948, 168 F.2d 323, 325–26.

## X

 As to appellant's sixth assignment of error, the failure to allow interest from September 18th, 1954 (the date of the injury) to June 20, 1958 (the date of the judgment), amounting to $51.20, it is clear that appellant was entitled to it. Maintenance and cure is a right arising *ex contractu*. Interest runs from the date the maintenance becomes due, until paid, barring special circumstances or "peculiar facts." Medina v. Erickson, 9 Cir., 1955, 226 F.2d 475, 484; The President Madison, 9 Cir., 1937, 91 F.2d 835. But special circumstances here exist. Appellant made no request for interest in his pleadings below; made no objection to the lack of its inclusion in the judgment rendered in his favor; and, what is more important, satisfied the judgment in his favor, in full, through his attorney and proctor without appealing its terms. He has waived his right to interest as effectively as though he gave a receipt for, or stamped paid in full on, a promissory note which carried interest. He complains too late. Jambers v. Woods, Tex.Civ.App.1935, 85 S.W.2d 353. 10 C.J.S. Bills and Notes § 475 (1938). Cf., also, 92 C.J.S. Waiver (1955).

The judgment of the district court is affirmed..