**Richard H. CLINTON, Appellant,**

v.

**JOSHUA HENDY CORPORATION,**
**Appellee.**

**No. 17000.**

United States Court of Appeals
Ninth Circuit.

Dec. 28, 1960.

Richard H. Clinton, in pro. per.

Robert Sikes, Leon A. Pinney, Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

Appellant sought relief in the form of maintenance and cure under the general maritime law, and interest on a prior award of maintenance and cure. The district court thus had jurisdiction under 28 U.S.C. § 1333. This court has jurisdiction on appeal. 28 U.S.C. § 1291.

In 1954 appellant suffered a leg injury while employed by defendant-appellee as a seaman. In an action in the United States District Court for the Southern District of California, Central Division (No. 19061–WM), appellant recovered $232 plus costs against appellee, for an injury to his right leg on September 18, 1954, and maintenance and cure from September 20, 1954, to October 19, 1954, a period of twenty-nine days. That judgment was affirmed by this court. Clinton v. Joshua Hendy Corp., 9 Cir., 1959, 264 F.2d 329. In the decision rendered by this court appellant's claim for interest in the amount of $51.20 was denied. Id., at page 334. Appellant in the instant action seeks again to recover the interest which this court previously refused to grant him. Obviously, appellant cannot be successful in this endeavor, since the principles of res judicata and rule of the case are clearly applicable.

Appellant also seeks in this action a recovery for maintenance and cure on the ground that he was disabled from October 22, 1954, until October 21, 1957. Appellant's disability was, he claims, caused by the aggravation of an old brain injury. This aggravation occurred when the chief mate of appellee's vessel, the S.S. Marine Arrow, sent an allegedly libelous letter to appellant's union. As a consequence of receiving this letter, the union expelled appellant and appellant became so mentally disturbed that he was unfit for sea duty. The allegedly libelous letter was dispatched on September 21, 1954,[1] a date within the period covered by appellant's previous award of maintenance and cure.

The trial court found that appellant's new claim, as above described, "could and should with propriety have been adjudicated" in his previous action for maintenance and cure, since the claim "allegedly arose during the same employment as therein alleged and the conditions herein alleged were manifest to libellant prior to the rendition of judgment in said action." [2] In Finding 6 the court stated: "that libellant has not suffered an aggravation of an original brain injury sustained March 18, 1945 at any time after October 19, 1954, or at any time after June 16, 1958." [3]

Appellant presents four specifications of error. Specification number 2, dealing with the court's refusal to grant interest on the previous maintenance and cure award, has already been treated.

In specification number 3, appellant asserts that the trial court "erred in finding that no cause of action was proved sufficient to support" this suit. The trial court made no such finding. Perhaps appellant intended specification 3 to apply to Finding 6, wherein the court found that appellant had not suffered an aggravation of his old brain injury. For if that Finding 6 stands, of course, appellant's entire case is lost. Appellant has not, in any other specification of error, purported to contend that Finding 6 is clearly erroneous. We give appellant, a layman, the benefit of the doubt as to what he intended, and assume specification 3 refers to Finding 6. In his discussion of specification of error number 3,

1. Record, p. 5.

2. Record, p. 34.

3. Record, p. 34.

however, appellant does little more than quote in its entirety Brahms v. Moore-McCormack Lines, Inc., D.C.S.D.N.Y. 1955, 133 F.Supp. 283. Obviously the reproduction of a reported decision does not create a hiatus in the evidence which would undermine the court's finding. Appellant fails in this appeal simply because he has not specified as error a finding which, if left undisturbed, commands a decision against him. Even if the elasticity of language permits the application of specification number 3 to Finding 6, appellant has made no showing that Finding number 6 is clearly erroneous.

In specification of error number 4, appellant claims that the trial court erred "in applying the Collateral Estoppel Rule" against him. At this point, for the first time, issue is joined with appellee (appellee having ignored the material already discussed). Appellee notes that the principle of res judicata applies in admiralty, as well as in cases at law. Runyan v. Great Lakes Dredge & Dock Co., 6 Cir., 1944, 141 F.2d 396.

> "The general rule as to judgments that a judgment on the merits rendered in a former suit between the same parties in the same cause of action by a court of competent jurisdiction operates as an estoppel, not only as to every matter which was offered and received to sustain or defeat the claim but as to every other matter which with propriety might have been litigated and determined in that action, applies to proceedings in Admiralty Courts." Id., at page 397.

■ Appellant's efforts to avoid the defense of res judicata cause him to meander through cases of only incidental importance to the issue at hand. In this mass of incoherence, however, one fairly cogent contention appears. Appellant claims that a judgment for maintenance and cure for a specific period will not bar suit for maintenance and cure for a subsequent period. In the instant action appellant seeks maintenance and cure for the period October 22, 1954, to October 21, 1957, while the previous judgment, as we have noted above, awarded maintenance and cure for the period from September 20, 1954, to October 19, 1954. Thus the period for which he now seeks maintenance and cure is, in its entirety, subsequent to the period for which he was previously awarded maintenance and cure.

The cases cited by appellant do not support the rule which he urges. Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 531–532, 58 S.Ct. 651, 82 L.Ed. 993, and Tol v. United States, 9 Cir., 1948, 166 F.2d 775, by strong dicta support the proposition that when maintenance and cure has been awarded *to the time of trial,* a later suit for maintenance and cure *accruing subsequently* may be brought. Appellant in the instant case seeks maintenance and cure for a period occurring *before* the trial of the prior action in which he was awarded maintenance and cure. We do not find the date of that trial in the record, but judgment in that case was entered on June 16, 1958. Further, the trial court in the instant case found as a fact that appellant should have presented his current claims in the prior litigation. Appellant presents no argument or evidence to show that this finding is clearly erroneous. Accordingly, appellant cannot come within the rule of Calmar S.S. Corp. v. Taylor, supra.

Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, and Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662, upon which appellant relies very strongly, do not support in any way the proposition which he asserts.

■■ The only possible defect in appellee's defense of res judicata is that the cause of action in the instant suit *may* not be the same cause of action as that urged in the prior suit for maintenance and cure. In the prior action appellant received an award of maintenance and cure for injury to his leg; here he seeks maintenance and cure for an alleged mental disturbance. The right to maintenance and cure, however, arising out of any particular employment, is single and indivisible; and an injured seaman has but a single cause of action for all maintenance and cure occasioned in connection

with any particular contract of employment. A seaman cannot sue once for an injured left leg and a second time for an injured right leg. It is clear that the duty to provide maintenance and cure does not rest upon negligence or culpability on the part of the master, but arises from the contract of employment (Calmar S.S. Corp. v. Taylor, supra, at page 527, 58 S.Ct. 651). Thus, a seaman has a single contractual claim for all care and maintenance required because of any illness occurring during a specific period of employment.

But in any event, as noted above, the trial court found that appellant should have presented his current claims for maintenance and cure in the prior action. Implicit in this finding is the determination that the cause of action here involved is identical with the cause of action involved in the prior suit; or, at the least, that the issues decided in the prior case are dispositive of the claims raised here. Appellant does not attempt to show that this implied determination is erroneous. The pleadings from the prior action do not appear in the record here; consequently it is difficult to determine whether the issues raised here and the cause of action involved were, in fact, considered in the prior action. It is impossible to say on the present state of the record that the trial court erred in impliedly finding the cause of action in the case at bar was identical with the cause of action in appellant's prior action. The exact "definition of the phrase 'cause of action' is elusive," and "each case must be decided largely on its own circumstances." Sullivan v. Nitrate Producer's S.S. Co., 2 Cir., 1919, 262 F. 371, 373.

▌ Two points remain to be considered. As an additional part of specification number 3 (previously considered) appellant alleges that the trial court erred in quashing a subpoena duces tecum without notice or hearing. Appellant claims that Rule 45 of the Federal Rules of Civil Procedure, 28 U.S.C. applied to the issuance of the subpoena, and to the subsequent action of the court in quashing it; but he admits that admiralty actions, such as this, are generally governed by the Admiralty Rules rather than by the Federal Rules of Civil Procedure.[4] Appellant cites no authority whatsoever for the exception which, he claims, is applicable here. He merely states that it is the practice of the district court clerk to issue subpoenas duces tecum in admiralty actions, despite the absence of a special admiralty rule covering the practice.

We have found no authority for applying Rule 45 of the Federal Rules of Civil Procedure to Admiralty actions. Thus cases construing Rule 45 are applicable here, if at all, only by analogy. Even so, the cases cited by appellant do not establish the rule that notice to the parties is an invariable prerequisite of an order quashing a subpoena duces tecum.

In addition, the subpoena in question is not before this court. Consequently it is impossible for the court, on the present state of the record, to say that appellant has been prejudiced by the trial court's error, if error there was. If, as the trial court found, the documents demanded by the subpoena were clearly immaterial, appellant was not harmed by any procedural defect which may have infected the trial court's determination to quash the subpoena. More conclusively, no prejudice could possibly have resulted from an order which merely prevented

4. See 2 Moore, Federal Practice 19–20 (2d ed. 1948).

In Jones v. Waterman S.S. Corp., 3 Cir., 1946, 155 F.2d 992, 997, it was held that a suit for maintenance and cure is a civil suit and that the Federal Rules of Civil Procedure are applicable. Since that decision, however, the United States Supreme Court has decided Romero v. International Term. Operating Co., 1958, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368, wherein the court held that claims under the general maritime law (including a claim for maintenance and cure) could not be brought on the law side, in district court. Such claims, the Court held, come within the specific language of the statute conferring admiralty jurisdiction upon the district courts (28 U.S.C. § 1333).

**852**

appellant from presenting evidence in an action that has been barred by the doctrine of res judicata.

 Appellant finally complains (specification number 1) that the trial court refused to certify the agreed statement for appeal although this statement was signed by proctors for appellee. The use of agreed statements is sanctioned by the Admiralty Rules (Number 49 (IV)), 28 U.S.C., but the rule, itself, imposes no requirement of certification by the trial judge. Although the agreed statement here in question was not certified by the district judge, it was transmitted to this court. Hence there was neither error nor prejudice in the trial court's action. Further, a consideration of the material in the agreed statement cannot in any way aid appellant on this appeal.

The judgment below is affirmed.