**Kelly E. JOHNSON, Plaintiff,**

v.

**MISSISSIPPI VALLEY BARGE LINE COMPANY, Defendant.**

**Civ. A. No. 63–367.**

United States District Court
W. D. Pennsylvania.

Nov. 13, 1963.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

The defendant filed a "Motion to Dismiss or for Summary Judgment". The defendant claims that the cause of action as averred in the plaintiff's complaint has already been litigated and determined in this court at Civil Actions Nos. 60–842 and 60–704.

In the complaint it is alleged that the plaintiff was a seaman employed by the defendant upon either its M. V. Cincinnati or M. V. Indiana with their accompanying tow of barges; that he was caused to fall or to be thrown into the bottom of one of the barges causing injuries to his ribs, both knees, head, back, neck, spine, nervous system, arms, legs and abdomen with resulting traumatic neurosis. The action was brought under the Jones Act, 46 U.S.C.A. § 688 and under the Admiralty and Maritime Laws of the United States, based upon negligence of the defendant and unseaworthiness of the vessel and barges. The complaint states that the injuries occurred on or about May or June, 1960.

The defendant maintains that the plaintiff had been involved in the previous litigation claiming damages under the Jones Act and for unseaworthiness; that this was tried before a member of this court on May 2nd, 3rd, 6th and 7th, 1963; and that the allegations of injuries as set forth in the present complaint, together with the claim for damages are "indistinguishable from the allegations in Civil Actions Nos. 60–842 and 60–704, except as to the date alleged".

At the hearing on the motion, counsel for the defendant presented some of the facts involved in the previous civil actions which indicated that the plaintiff suffered injuries to his legs in 1958; that he suffered an apparent rib injury in January 1960; and that he suffered a hand injury in June, 1960. During these previous actions, it was determined that the plaintiff's rib injury occurred after the plaintiff left the employment of the defendant.

The defendant contends that the plaintiff on May 8, 1963, filed this action in this court for the same injuries comprising the subject-matter of the previous actions, except that the plaintiff now claims that the injuries occurred on or after June, 1960, and further, that the plaintiff's claim for maintenance and cure should have been or was determined by the previous actions; and that therefore, the plaintiff's present action is now barred by law on the basis of res judicata or the doctrine of merger in judgment.

The plaintiff denies that there is any merit in the defendant's stand since the issues contained in this cause of action

relate to an entirely different accident which occurred on an entirely different vessel. The plaintiff contends additionally that he has a right to file separately each individual cause of action since this is purely within his discretion and election.

■■ It is fundamental that the law frowns upon multiplicity of litigation, particularly under our Federal Rules of Civil Procedure, and particularly where the court may order the consolidation of all actions involving common questions of law or fact in order to avoid unnecessary costs and delay.[1] Further, if the injuries claimed by the plaintiff occurred within a period covered by the plaintiff's previous award for maintenance and cure, such claim may be barred as a continuing or indivisible cause of action for maintenance and cure occasioned during a particular period of employment. Clinton v. Joshua Hendy Corporation, 285 F.2d 848, 850, 851 (Cir. 9, 1960).

The plaintiff contends, however, that the claim for maintenance and cure concerns a period immediately subsequent to the period covered by the plaintiff's previous actions. While it may be difficult to see any definition between the series of accidents already litigated and this one, the defendant has presented nothing conclusive that there is no such definition. Until then, there is no reasonable assurance that the plaintiff's claim is identical to those previously tried, and the plaintiff must be allowed to prove the averments of the complaint and to establish, if he can, the proper sequence and relationship of all the accidents involved, or that he has a present claim.

If the defeat of the plaintiff's present action is based upon a previous determination, it would ordinarily require an answer under Federal Rule of Civil Procedure No. 12(b), which states in part: "Every defense, in law or fact, to be a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion * * *". This is followed by seven exceptions. A defense of previous determination is not one of the exceptions, and the complaint as filed does not clearly aver facts to show that the plaintiff has failed to state a claim upon which relief can be granted. In addition, Federal Rule of Civil Procedure No. 8(c) provides in part that, "In pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata * * * and any other matter constituting an avoidance or affirmative defense." For all of these reasons, too, the defendant's motion is improper. Jones v. Miller, 2 F.R.D. 479 (D.C.Pa. 1942); Stoddard v. Morrin, 8 F.R.D. 375 (D.C., D.C.1942).

■ By the present state of the record, I am not in any position to make a determination that the plaintiff's present action is foreclosed on the grounds of res judicata or merit of judgment. It is my opinion that the defendant has offered by way of his motion a defense which should be properly contained in an answer. On the basis of the record presented before this court at this time, the motion will be denied.

---

1. Federal Rule of Civil Procedure No. 42 (a), 28 U.S.C.A.
   (c) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.