**TRAVELERS INDEMNITY COMPANY**

v.

**Paul E. ARBOGAST.**

**Civ. A. No. 68–824.**

United States District Court
W. D. Pennsylvania.

Sept. 27, 1968.

G. Daniel Carney, Pittsburgh, Pa., for plaintiff.

Howard K. Hilner, Pittsburgh, Pa., for defendant.

### OPINION

ROSENBERG, District Judge.

A motion is here made by the defendant, Paul E. Arbogast, to dismiss the complaint filed by the plaintiff, Travelers Indemnity Company. The motion asserts that a West Virginia Court has already ruled that the plaintiff was not entitled to judgment against individual indemnitors and the motion to dismiss is here in order.

Counsel for both parties have indulged in an unauthorized contest through the means of briefs, supplemental briefs and second supplemental briefs. Counsel were never authorized to file other than original briefs and have arrogated an authority to which they were not entitled, but more important is the fact that counsel have set aside the Federal Rules of Civil Procedure

and assumed the right to eliminate pleadings and substitute therefor briefs. There is no authority for such action. The kind of pleadings permitted are specifically set out in the Federal Rules and must be followed precisely without any liberties taken by counsel to improve upon these rules in replacing permitted or required pleadings by briefs. As a result, a vast amount of extraneous matters have been thrown into the argument which is not supported by any pleadings as they comprise the record.

■ By the introduction of factual circumstances and exhibits into the argument through briefs, the parties have brought these matters into the case and have assumed that they have made a record. They are entirely mistaken by so assuming. Counsel will not be permitted to stand upon their briefs as records to support or defeat the motion. Baltimore & Ohio Railroad Co. v. American Fidelity & Casualty Co. et al., 34 F.R.D. 148 (W.D.Pa., 1963). Furthermore, by throwing briefs at each other in an attempt to argue factual circumstances, the parties are imposing upon the court and taking up valuable judicial time. This will not be tolerated. A determination will be here made on the record as it appears before me and only upon the record. The record of this case, other than the preliminary matters of service, consists of a complaint and a motion to dismiss the complaint. There are no other pleadings.

The complaint here states that the defendant is indebted to the plaintiff in a large sum of money by reason of a judgment in a West Virginia Court on November 21, 1966, rendered against the Moore Electric Company, an insolvent corporation, for which obligation the plaintiff had become the surety. Further, the complaint avers that by virtue of the general agreement of indemnity, dated July 21, 1958, the defendant became liable and obligated to the plaintiff for such a loss as an indemnitor.

The defendant has attached to the motion to dismiss a copy of the agreement of indemnity, an opinion of the West Virginia Court and an affidavit of the defendant which makes factual assertions as they relate to the indemnity agreement and as they relate to the action in West Virginia.

The defendant here raises two legal objections: (a) the doctrine of res judicata determines this action on the basis of an action in a West Virginia Court, and (b) the doctrine of collateral estoppel in any event prevents the filing of a complaint because of the West Virginia action.

■ The motion here is evidently brought under Federal Rule of Civil Procedure 8. Rule 8 provides for the pleadings to be filed in a case and under (c) provides that affirmative defenses such as estoppel and res judicata shall be set out as affirmative defenses. This has been supported by the courts generally. Estoppel is an affirmative defense which must be pleaded. Erickson v. United States, 309 F.2d 760, 159 Ct.Cl. 202, 1962; Wackerle v. Pacific Emp. Ins. Co., 219 F.2d 1, 52 A.L.R.2d 814, C.A. 8, 1955; Tornello v. Deligiannis Bros., 180 F.2d 553, C.A. 7, 1950. So, too, a plea of res judicata is a matter of affirmative plea by way of defense. Handy Cafe, Inc. v. Justices of the Superior Court, 248 F.2d 485, C.A. 1, 1957, cert. den. 356 U.S. 902, 78 S.Ct. 561, 2 L.Ed.2d 580; Scholla v. Scholla, 92 U.S.App.D.C. 9, 201 F.2d 211, 1953, cert. den. 345 U.S. 966, 73 S.Ct. 951, 97 L.Ed. 1384; Johnson v. Mississippi Valley Barge Line Co., 34 F.R.D. 140 (W.D. Pa., 1963). But where all the relevant facts are shown on the record, an answer is not required and may be raised by a motion to dismiss. Williams v. Murdoch, 330 F.2d 745, C.A. 3, 1964.

■■ I have already referred to the factual declarations contained in the parties' briefs and the exhibits as attached to the briefs. It would appear that the matters raised by the defendant

should be raised by way of any answer. The defendant's supports as attached to the motion leave considerable doubt on the circumstances of the case, and where reasonable doubt exists as to what was decided by a prior judgment, it should be resolved against the granting of the motion, particularly where estoppel is set up as a defense.

For all these reasons, the defendant's motion to dismiss will be denied.